**WASHINGTON COUNTY DEPARTMENT OF HUMAN SERVICES, Appellant,**

v.

**RUTTER, Appellee.**

[Cite as *Washington Cty. Dept. of Human Serv.
v. Rutter* (1995), 100 Ohio App.3d 32.]

Court of Appeals of Ohio,
Fourth District, Washington County.

No. 94CA16.

Decided Jan. 11, 1995.

---

*Alison L. Cauthorn,* Washington County Assistant Prosecuting Attorney, for appellant.

*Robin A. Bozian* and *Southeastern Ohio Legal Services,* for appellee.

---

STEPHENSON, Judge.

This is an appeal from a judgment entered by the Marietta Municipal Court, Small Claims Division, dismissing the action commenced by Washington County Department of Human Services, plaintiff below and appellant herein, against Ricky A. Rutter, defendant below and appellee herein. The following assignment of error is posited for our review:

"The [t]rial [c]ourt erred in finding R.C. 1925.18 unconstitutional and dismissing [p]laintiff's complaint. The statute does not authorize the practice of law by individuals who are not attorneys."

The record reveals the following facts pertinent to this appeal. On November 8, 1993, appellant commenced the action below, averring that there had been an overpayment of ADC benefits to appellee during November and December 1983. Appellant demanded judgment against appellee for $221, representing the balance of those benefits which had not been repaid. The complaint was filed in the Marietta Municipal Court, Small Claims Division, and was signed by a Geraldine Pouzide, who is employed by appellant. It is uncontroverted that Pouzide is not an attorney licensed to practice law in the state of Ohio.

On December 9, 1993, appellee moved the court below to dismiss the action on the grounds that appellant was not being represented by an attorney. It was conceded in the motion that R.C. 1925.18(A) permits a county prosecuting attorney to designate any employee of a county department of human services, even somebody who is not a licensed attorney, to appear in small claims court as the prosecutor's representative on behalf of the department. However, appellee

argued, the Washington County Prosecuting Attorney had never formally designated Pouzide to appear in court as his representative pursuant to statute. Appellee continued that, in any event, the provisions of R.C. 1925.18(A) were violative of the Ohio Constitution as an impermissible legislative usurpation of the power delegated to the Supreme Court to regulate the practice of law in this state.

A formal designation of Pouzide to represent the county prosecutor was later filed with the court below, thereby removing that issue from consideration. The remaining constitutional argument came on for oral hearing on January 3, 1994, and was taken under advisement. The lower court ultimately agreed with appellee's argument and ruled that R.C. 1925.18 was an unconstitutional legislative infringement on the authority vested in the Ohio Supreme Court to regulate the practice of law. A judgment entry to that effect was filed on March 17, 1994, and this appeal followed.

■ Appellant argues that the lower court erred in declaring R.C. 1925.18 unconstitutional and then dismissing its complaint below. We note at the outset that "[n]o person shall be permitted to practice as an attorney * * * or to *commence,* conduct or defend any action or proceeding in which he is not a party concerned * * * unless he has been admitted to the bar by order of the Supreme Court in compliance with its * * * rules." (Emphasis added.) R.C. 4705.01. Dismissal is the proper remedy when a complaint has been filed by someone not admitted to the bar in contravention of that statute. See, *e.g., Sheridan Mobile Village, Inc. v. Larsen* (1992), 78 Ohio App.3d 203, 205, 604 N.E.2d 217, 219; *Williams v. Global Constr. Co., Ltd.* (1985), 26 Ohio App.3d 119, 120, 26 OBR 330, 331, 498 N.E.2d 500, 501–502. There is no dispute in this case that Pouzide is *not* a licensed attorney admitted to the practice of law in the state of Ohio. Thus, under the foregoing authorities, she is prohibited from commencing an action in court (except on her own behalf) and any complaint filed by her in a representative capacity for another party would be properly dismissed. The Ohio General Assembly, however, carved out an exception to that prohibition in 1990 by enacting R.C. 1925.18, which states, *inter alia,* as follows:

"(A)(1) Subject to division (A)(2) of this section, a prosecuting attorney of a county may designate any employee of a county department of human services to act as his representative in the commencement and prosecution or defense of any action in the small claims division of a municipal or county court on behalf of the department.

"(2)(a) If the prosecuting attorney designates as his representative an employee of the department who is not an attorney, the employee may file and present the claim or defense of the department in the action if the employee does not, in

the absence of the representation of the department by an attorney, engage in cross-examination, argument, or other acts of advocacy."

The General Assembly did not expressly state that this enactment was to be an exception to R.C. 4705.01. Nevertheless, the statute was enacted as part of legislation meant to "allow a county department of human services to *appear* in the small claims division for specified purposes through an authorized employee." (Emphasis added.) See Sub.S.B. No. 89, 143 Ohio Laws, Part I, 523. There is no question that the General Assembly can make amendments to, or exceptions for, previously enacted legislation. See, generally, 85 Ohio Jurisprudence 3d (1988) 82, Statutes, Section 78. Appellant proceeded below on the basis that R.C. 1925.18 allowed Pouzide to file a complaint on its behalf notwithstanding the general prohibition of R.C. 4705.01 and pertinent case law thereunder. Appellee counterargued that R.C. 1925.18 was an unconstitutional infringement on the authority vested in the Ohio Supreme Court to regulate the practice of law in this state. The lower court agreed and held the statute as void for being in conflict with the Ohio Constitution. The issue is now before us.

We begin our analysis from the premise that all legislative enactments enjoy a presumption of validity and constitutionality. See *State ex rel. Petroleum Underground Storage Tank Release Comp. Bd. v. Withrow* (1991), 62 Ohio St.3d 111, 116, 579 N.E.2d 705, 709; *Sedar v. Knowlton Constr. Co.* (1990), 49 Ohio St.3d 193, 199, 551 N.E.2d 938, 944; *Hardy v. VerMeulen* (1987), 32 Ohio St.3d 45, 48, 512 N.E.2d 626, 629. A statute must clearly be incapable of coexisting with the Constitution before it can be deemed invalid. *State v. Gill* (1992), 63 Ohio St.3d 53, 55, 584 N.E.2d 1200, 1201. The statute must also be shown to violate the Constitution beyond a reasonable doubt, *Fabrey v. McDonald Police Dept.* (1994), 70 Ohio St.3d 351, 352, 639 N.E.2d 31, 32, and the burden of demonstrating such violation is on the party raising the argument. See *Washington Cty. Taxpayers Assn. v. Peppel* (1992), 78 Ohio App.3d 146, 154, 604 N.E.2d 181, 186–187; see, also, *Wright v. Ohio Dept. Human Serv.* (Mar. 26, 1993), Washington App. No. 92CA15, unreported, at 8–9, 1993 WL 97791. Even given this exacting standard of review, the lower court found that R.C. 1925.18(A) was unconstitutional. We agree.

The judicial power of this state is vested in the courts. See Section 1, Article IV, Ohio Constitution. The Ohio Supreme Court is granted authority over admission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of law in this state. Section 2(B)(1)(g), Article IV, Ohio Constitution. That body is also the branch of government which promulgates the rules of practice and procedure before the courts of the state. Section 5(B), Article IV, Ohio Constitution. This is a broad grant of authority and the Supreme Court has consistently indicated that it alone has the inherent

power to regulate, control, and define the practice of law in Ohio. See, generally, *State ex rel. Green v. Brown* (1962), 173 Ohio St. 114, 18 O.O.2d 361, 180 N.E.2d 157, at paragraphs one and two of the syllabus; *Judd v. City Trust & Savings Bank* (1937), 133 Ohio St. 81, 10 O.O. 95, 12 N.E.2d 288, at paragraph one of the syllabus.

To that end, the Supreme Court has confined the practice of law to those who have met the prescribed requirements and have been regularly admitted to the bar. *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 1 O.O. 313, 193 N.E. 650, at paragraph three of the syllabus. No person may practice law in this state who has not been admitted to the bar by order of the Supreme Court of Ohio. *In re Unauthorized Practice of Law* (1963), 175 Ohio St. 149, 23 O.O.2d 445, 192 N.E.2d 54, at paragraph two of the syllabus. There is no question in the cause *sub judice* that Pouzide has not been admitted to the Ohio bar. Thus, she is prohibited from engaging in "the practice of law" in Ohio and that prohibition cannot be circumvented by the General Assembly. The question remains whether her actions below constitute the "practice of law."

The Supreme Court, while declining to specify an all-inclusive list of activities which constitute the practice of law, has determined that it includes at the very least the conduct of cases in court and preparation of pleadings and other papers incident to such action. See *Land Title Abstract & Trust Co.*, *supra*, at paragraph one of the syllabus. It embraces any sort of management of a legal action or proceeding on behalf of clients before judges and courts. See 6 Ohio Jurisprudence 3d (1978) 615, Attorneys at Law, Section 90. The actions of Pouzide below consisted of the preparation, signing, and filing of a complaint in the Small Claims Division of the Marietta Municipal Court. This individual specifically attested in said complaint that "she represents" appellant in the action. Pouzide's activities in this case clearly fall within the parameters of that which has been defined as the "practice of law." The provisions of R.C. 1925.18 that would permit her to engage in such conduct are unconstitutional, as only the Ohio Supreme Court can specify who may practice law in this state. That authority cannot be usurped or infringed by the General Assembly.

Undoubtedly, it was thought (that by prohibiting lay persons from engaging in cross-examination, argument or other acts of advocacy pursuant to subsection [A][2][a] of the statute) the limited role played by an employee of the county department of human services in small claims court would not constitute the "practice of law." The fact remains, however, that even the preparation and filing of a pleading in court is an act of advocacy which must be undertaken by an attorney admitted to the bar and licensed to practice law in this state. As cogently noted by the court below, only the Ohio Supreme Court (by rule or decision) can sanction the activity which R.C. 1925.18(A)(1) seeks to authorize.

We acknowledge that the complaint filed below consists of a preprinted form which Pouzide merely completed and signed. We are also cognizant that the Supreme Court has ruled that simply filling in information on a blank form does not constitute the practice of law. See *Gustafson v. V.C. Taylor & Sons, Inc.* (1941), 138 Ohio St. 392, 397, 20 O.O. 484, 486, 35 N.E.2d 435, 437. However, the blank forms at issue in *Gustafson* were preprinted contracts for purchase of real estate. That is a completely different matter than a pleading filed in a court of law. This court is not aware of any decision where the principles in *Gustafson* have been extended to pleadings and appellant has not cited any.

We are also cognizant of the recent decision of the Belmont County Court of Appeals that rejected the argument that R.C. 1925.18(A) was unconstitutional. See *Belmont Cty. Dept. of Human Serv. v. Alexander* (Aug. 10, 1994), Belmont App. Nos. 93–B–28 and 93–B–29, unreported, 1994 WL 424072. However, that court's decision was devoid of any statutory or constitutional analysis, and (for those reasons previously set forth) we do not find it very persuasive. We therefore decline to follow it.

In summary, the court below correctly ruled that R.C. 1925.18(A)(1) was unconstitutional. The General Assembly has no authority to authorize lay persons to appear before the courts of this state in a representative capacity for another entity and the Ohio Supreme Court has taken no action to sanction such conduct. Dismissal of the complaint below was proper. Appellant's assignment of error is overruled and the judgment is affirmed.

*Judgment affirmed.*

HARSHA, P.J., and PETER B. ABELE, J., concur.