LAKESIDE AVENUE LIMITED PARTNERSHIP, APPELLANT, *v.* CUYAHOGA
COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Cite as *Lakeside Ave. L.P. v. Cuyahoga Cty. Bd.
of Revision* (1999), 85 Ohio St.3d 125.]

(No. 98–187—Submitted December 10, 1998—Decided March 31, 1999.)

126

*Todd W. Sleggs & Associates, Todd W. Sleggs* and *Susan K. French–Scaggs,* for appellant.

*William Mason,* Cuyahoga County Prosecuting Attorney, and *David Lambert,* Assistant Prosecuting Attorney, for appellees Cuyahoga County Board of Revision and Cuyahoga County Auditor.

*Means, Bichimer, Burkholder & Baker Co., L.P.A.,* and *Karrie M. Kalail,* for appellee Cleveland Board of Education.

---

***Per Curiam.*** In *Sharon Village Ltd. v. Licking Cty. Bd. of Revision* (1997), 78 Ohio St.3d 479, 678 N.E.2d 932, syllabus, we held that the preparation and filing of a real property valuation complaint with a board of revision on behalf of a taxpayer constituted the practice of law. Because the tax agent who prepared and filed the complaint in *Sharon Village* was not an attorney, we affirmed the BTA's decision that the board of revision lacked jurisdiction to hear the complaint.

Lakeside contends that *Sharon Village* does not apply to this matter because the complaint was signed by a partner and owner of the partnership property, and not by an agent. Lakeside argues that Kimmelman, as a limited partner, is an owner of the real property and acted as a taxpayer and owner of the partnership when he signed the complaint. In making that argument, Lakeside attempts to meet the requirement of R.C. 5715.19(A)(1) that restricts the filing of a complaint to persons "owning taxable real property in the county." We disagree.

In considering Lakeside's contention, we must first determine whether Kimmelman, as a limited partner, is an owner of Lakeside's real property. Lakeside's contention that Kimmelman is an owner of its real property is based primarily upon R.C. 1775.05(A) and 1775.24(A). R.C. 1775.05(A) provides that "[a] partnership is an association of two or more persons to carry on as co-owners a business for profit." R.C. 1775.24(A) provides that "[a] partner is co-owner with his partners of specific partnership property holding as a tenant in partnership."

Those statutes fail to provide support for Lakeside's contention because they are taken from R.C. Chapter 1775, which is applicable to partnerships, and not to limited partnerships. We are aware that R.C. 1775.05(B) provides that certain of the provisions of R.C. Chapter 1775 are applicable to "limited partnerships except in so far as the statutes related to such partnerships are inconsistent herewith." However, the statutes from R.C. Chapter 1775 cited by Lakeside are inconsistent with the relevant statutes applicable to limited partnerships contained in R.C. Chapter 1782.

R.C. 1782.24(A) permits a general partner of a limited partnership to possess all the rights and powers and liabilities of a partner in a partnership without limited partners; but no similar rights and powers are granted to limited partners in R.C. Chapter 1782. See *Evans v. Galardi* (1976), 16 Cal.3d 300, 128 Cal.Rptr. 25, 546 P.2d 313, in which the California Supreme Court stated, "This unwillingness on the part of the Legislature to grant the limited partner a property interest in the specific assets owned by the partnership, while at the same time providing for such an interest in the general partner, compels the conclusion that the limited partner has no interest in the partnership property by virtue of his status as a limited partner." *Id.* at 307, 128 Cal.Rptr. at 31, 546 P.2d at 319. Thus, no ownership rights to Lakeside's real property are granted to Kimmelman as a limited partner by any provision of R.C. Chapter 1782.

Likewise, a review of Lakeside's limited partnership agreement fails to substantiate Lakeside's contention that Kimmelman is an owner. In fact, Section 6.2(a) of the limited partnership agreement specifically provides, "No Limited Partner shall have the right: (a) * * * to sign for or to bind the Partnership, such power being vested in the General Partner."

Thus, neither the limited partnership provisions of R.C. Chapter 1782 nor the contractual provisions of the limited partnership agreement grant Kimmelman the requisite interest to establish him as an owner of Lakeside's real property.

Since Kimmelman was not an attorney and owned no interest in the real property, our decision in *Sharon Village* requires that the cause be remanded to the BOR for dismissal for lack of jurisdiction. Given our decision, we need not consider Lakeside's contention that Kimmelman was a "party affected" within the meaning of R.C. 5715.13.

Lakeside also contends that our decision in *Sharon Village* should not apply to its complaint that was filed before our decision in *Sharon Village*. We disagree.

In *State ex rel. Bosch v. Indus. Comm.* (1982), 1 Ohio St.3d 94, 98, 1 OBR 130, 133, 438 N.E.2d 415, 418, we stated that "[i]n the absence of a specific provision in a decision declaring its application to be prospective only, * * * the decision shall be applied retrospectively as well." We made no specific provision in *Sharon Village* for it to be applied only prospectively. Therefore, *Sharon Village*

is applicable to all complaints filed prior to and after the date of its announcement by this court.

Finally, Lakeside contends that the dismissal of the complaint violates the Due Process and Equal Protection Clauses of the United States and Ohio Constitutions and constitutes a taking. We disagree and reject Lakeside's contentions.

In *N. Olmsted v. Cuyahoga Cty. Bd. of Revision* (1980), 62 Ohio St.2d 218, 220, 16 O.O.3d 249, 250, 404 N.E.2d 757, 758, fn. 3, we stated, "Due Process is not denied, however, when a person or entity is excluded as a party from a proceeding solely because of a failure to comply with statutes governing procedural requirements." The failure to invoke the jurisdiction of the BOR in this case was due to Lakeside's failure to comply with the requirements set forth in R.C. 5715.19(A)(1) and not by actions of the state.

In *Walston v. Nevin* (1888), 128 U.S. 578, 582, 9 S.Ct. 192, 193, 32 L.Ed. 544, 546, the court stated concerning equal protection of the law: "Whenever the law operates alike on all persons and property, similarly situated, equal protection cannot be said to be denied." Lakeside presented no evidence that it was treated differently from any other limited partnership whose complaint was filed by a nonattorney.

For all the foregoing reasons, the decision of the BTA was reasonable and lawful and is therefore affirmed.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

COOK and LUNDBERG STRATTON, JJ., concur separately.

PFEIFER, J., dissents.

LUNDBERG STRATTON, J., concurring. I write separately to distinguish the case at bar from *Worthington City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision* (1999), 85 Ohio St.3d 156, 707 N.E.2d 499, decided today, in which I dissented in part. In *Worthington,* my disagreement was because I would have found that if a taxpayer representing himself or herself has the right to file a complaint, as indicated by *Sharon Village Ltd. v. Licking Cty. Bd. of Revision* (1997), 78 Ohio St.3d 479, 678 N.E.2d 932, so should a board of education and a corporation representing themselves in a *pro se* capacity, because they fall within the statutory definition of "person" as used in R.C. 5715.19(A)(1). See *Worthington,* 85 Ohio St.3d at 163–164, 707 N.E.2d at 505. In *Worthington,* I emphasized that I would distinguish *Sharon Village* because it should be limited to third-

party agents who have no connection with the landowner other " 'than representation seeking tax reduction, to solicit and file applications pursuant to R.C. 5715.13 with a county board of revision.' " *Id.*, 85 Ohio St.3d at 165, 707 N.E.2d at 505, quoting *Krier v. Franklin Cty. Bd. of Revision* (1993), 100 Ohio App.3d 344, 351, 654 N.E.2d 122, 127.

In this case, while I would find that a general partner should be permitted to file the valuation complaint pursuant to my analysis in *Worthington,* I agree with the majority's conclusion that a limited partner, such as Kimmelman, may not. As a limited partner, Kimmelman was not an owner of the partnership property because, as noted by the majority, no ownership rights are granted to a limited partner by R.C. Chapter 1782. Therefore, he did not own taxable real property in the county as required by R.C. 5715.19(A)(1), nor did he fit within the statutory definition that would allow him to file on behalf of the partnership. Accordingly, I agree with the Board of Tax Appeals' decision that Kimmelman was not an owner and, thus, the BOR was without jurisdiction to consider the merits of the complaint.

Cook, J., concurs in the foregoing concurring opinion.