In its disposition of appellant's first assignment of error, the majority concludes that R.C. 1925.17 does not usurp the Supreme Court of Ohio's power to promulgate rules governing the various courts and the practice of law in this state. According to the majority, R.C. 1925.17 is consensually excluded from the Supreme Court's authority by Civ.R. 1(C)(4), which states that the civil rules, to the extent that they would be clearly inapplicable, do not apply to procedures in small claims matters brought pursuant to Chapter 1925 of the Revised Code.
In addition, the majority asserts that to require a corporation to retain an attorney to prepare and file a complaint every time it attempted to collect on a small debt would contradict the philosophy underlying the creation of small claims courts. Because I believe that this reasoning is flawed, and that the statute in question is unconstitutional, I respectfully dissent.
As aptly noted by the majority, outside of situations arising in small claims court, a corporation clearly may not maintain litigation and appear in court through corporate officers, agents, or anyone else who is not a properly licensed attorney. I also agree with the majority's observation that the procedures in small claims court are elastic for the purpose of accommodating pro se
litigants. However, the need for a system in which two parties can argue their differences in an informal forum does not justify the implementation of unconstitutional procedures.
R.C. 1925.17 allows an officer or bona fide salaried employee of a corporation to file and present a contract claim in small claims court on behalf of the employer corporation, even if the person is not a licensed attorney, so long as the corporation, in the absence of representation by an attorney, does not engage in acts of advocacy. As already mentioned by the majority, the First Appellate District, after conducting a comprehensive analysis of R.C. 1925.17 and the relevant case law, concluded that R.C.1925.17 violated the Ohio Constitution's separation of powers doctrine. See Alliance Group, Inc. v. Rosenfield (1996),115 Ohio App.3d 380.
The court in Alliance primarily based its decision on Section5(B), Article IV of the Ohio Constitution. This provision gives the Supreme Court exclusive power to regulate the practice of law in all state courts. The Alliance court determined that there was no similar constitutional provision vesting the General Assembly with authority over Ohio courts; nor does the General Assembly possess inherent power to establish separate or additional rules for courts created by the General Assembly.
Furthermore, the Alliance court emphasized that, under well-settled Supreme Court precedent, a layperson cannot engage in the practice of law by, inter alia, preparing and filing pleadings on behalf of another. Instead, the practice of law is confined to those who have met the prescribed requirements and have been regularly admitted to the Ohio bar.
I can conceive of no logical reason why situations involving a corporation should be treated differently. A fundamental tenant of Ohio jurisprudence holds that, for most purposes, a corporation is a legal entity, separate and apart, from the natural persons who compose it. Belvedere Condominium Unit Owners' Assn. v. R.E.Roark Cos., Inc. (1993), 67 Ohio St.3d 274, 287. Due to its independent legal identity, a corporation can sue and be sued. Those associated in some way with a corporation, such as an employee, a shareholder or a director, cannot be held personally liable for the debts of the corporation, unless the corporate veil has been pierced.
When an officer or employee of a corporation files pleadings in small claims court on behalf of the employer corporation, that person is engaging in the practice of law for the benefit of another, not himself or herself. That is because the employee or officer is not a legal extension of the corporate identity. Whatever agency relationship may exist, it is not sufficient to justify an act of legal advocacy. I believe this practice clearly circumvents the prohibition against laypersons engaging in the unauthorized practice of law.
In a similar situation, the Fourth Appellate District struck down R.C. 1925.18 as unconstitutional. See Washington Cty. Dept.of Human Serv. v. Rutter (1995), 100 Ohio App.3d 32. R.C. 1925.18
permits any employee of a county department of human services to act as the representative of the department in the commencement and prosecution of an action filed in small claims court. As with a corporate representative, a person acting on behalf of the department of human services may not engage in any act considered to be advocacy. Using analogous logic to that of the court inAlliance, the Rutter court determined that even the preparation and filing of a pleading in court is an act of advocacy which must be undertaken by an attorney admitted to the bar and licensed to practice law in this state.
The issue now before this court is fundamental to a lower court's power to hear and decide cases brought before it. Any filing, outside of those in small claims court, by a non-attorney on behalf of a corporation is considered a nullity and may be stricken from the record. Kruck v. Agile Equip. Dist., Inc. (Mar. 8, 1996), Lake App. No. 95-L-109, unreported, at 5, 1996 Ohio App. LEXIS 888. If an entirely new complaint is not filed, the action is never legally commenced, and as a result, the court lacks subject matter jurisdiction over the action.
Pursuant to the foregoing analysis, I would agree with the First Appellate District and hold that R.C. 1925.17 is unconstitutional because it violates the separation of powers doctrine. Moreover, because I believe that the filing of a complaint by a layperson deprives a small claims court of subject matter jurisdiction over an action, the result in the instant matter would be a void judgment in favor of appellee. Thus, I would ultimately reverse and order that judgment be entered in favor of appellant.