JOURNAL ENTRY AND OPINION
Appellant C.R. Truman, L.P. appeals from the decision of the Ohio Board of Tax Appeals (BTA) dismissing a complaint contesting the assessment of real property on the grounds it was not filed by one authorized to practice law in Ohio. The appellant contends the BTA erred in holding it was without jurisdiction to entertain the complaint. We affirm for the reasons hereinafter stated.
The appellant and taxpayer, C.R. Truman, L.P., is a limited partnership owning certain real property identified by the Cuyahoga County Auditor as Permanent Parcel No. 101-36-016 and located within the taxing district of the Cleveland Municipal School District. C.R. Truman, L.P. acquired the twenty-six story Euclid Avenue property at a sheriff's sale.[1] On March 29, 1996, a complaint seeking a decrease in the assessment of appellant's real property was filed with the Cuyahoga County Board of Revision by Eric Calabrese, acting on behalf of C.R. Truman, L.P., for tax year 1995. The school district subsequently filed a counter-complaint requesting that the value as determined by the auditor be retained.
Mr. Eric Calabrese was identified on the complaint he filed with the Board of Revision as partner/owner. There has been no dispute that he was, in fact, a limited partner of the C.R. Truman, L.P. a limited partnership and no dispute that he was not an attorney.
On January 31, 1997, the complaint and counter-complaint came before the Board of Revision, and on March 21, 1997, it granted a decrease in the property's taxable value. This decision was appealed by C.R. Truman, L.P. to the BTA on the theory it should have reduced the assessed value even more.
Then, on August 8, 1997, the BTA issued an Order requiring C.R. Truman, L.P. to show cause why the original complaint filed by Eric Calabrese with the Board of Revision should not be dismissed as a result of it being prepared and filed by neither the taxpayer/owner nor an attorney.
On June 18, 1999, BTA issued its Decision and Order finding that Eric Calabrese was not authorized to file the initial complaint with the Board of Revision on behalf of C.R. Truman, L.P. since he was not an attorney nor a general partner of a limited partnership. As a result, the BTA held his complaint failed to properly invoke the jurisdiction of the Board of Revision. The BTA ordered the matter remanded with instructions to the Board of Revision to dismiss the complaint and reinstate the property value originally set by the County Auditor. From this Order, the instant appeal ensued.
Appellant's sole assignment of error states:
 I. THE BOARD OF TAX APPEALS ERRED IN FINDING THAT THE CUYAHOGA COUNTY BOARD OF REVISION WAS WITHOUT JURISDICTION TO HEAR AND DETERMINE APPELLANT'S REAL PROPERTY TAX COMPLAINT.
The appellant argues that the complaint filed by Eric Calabrese with the Board of Revision was valid pursuant to the amended provisions of R.C. 5715.19, effective March 30, 1999. In particular, appellant contends that the new statute now permits a formerly circumstances. Appellant further argues that Eric Calabrese, the limited partner who prepared and filed the complaint with the Board of Revision on behalf of the limited partnership, falls within this expanded class and his complaint was therefore valid.
This issue is a novel one in Ohio as we have found no case law addressing this issue since amended R.C. 5715.19 went into effect. We find it important to note that when the appellant filed its brief in response to the BTA's order to show cause, the statute had not yet been amended. However, when the BTA ruled on the show cause issue almost two years later, the amended statute was in effect.[2]
The Ohio Supreme Court in Sharon Village Ltd. v. Licking County Bd. of Revision (1997), 78 Ohio St.3d 479 first held that the preparing and filing of a complaint with the Board of Revision constitutes the practice of law. See, also, Travel v. Stark County Bd. of Revision (2000), 88 Ohio St.3d 574; Board of Education of Worthington City School District v. Board of Revision of Franklin County (1999), 85 Ohio St.3d 156; Lakeside Avenue Limited Partnership v. Cuyahoga County Board of Revision (1999), 85 Ohio St.3d 125. In so holding, the Supreme Court in Sharon Village Ltd., acknowledged that the practice of law involves more than appearing in court:
 The practice of law is not limited to the conduct of cases in court. It embraces the preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and courts, and in addition, conveyancing, the preparation of legal instruments of all kinds, and in general all advice to clients and all action taken from them in matters connected with the law. Land Title Abstract Trust Co. v. Dworken (1934), 129 Ohio St. 23, 1 O.O. 313, 193 N.E. 650 paragraph one of the syllabus. Recently, we affirmed this holding in Cincinnati Bar Assn. v. Estep (1995), 74 Ohio St.3d 172.
Id. at 481. The trial court also concluded that the Board of Revision is a quasi-judicial body and the complaint filed before the Board of Revision constitutes the initiation of an adversarial process which requires the skill of an attorney. Id. at 481-482.
It is undisputed that Eric Calabrese is not an attorney. Therefore, pursuant to the authorities cited above, to have standing to file a complaint before the Board of Revision, Eric Calabrese must be the taxpayer/owner of the property or as appellant argues, fit under one of the categories of persons permitted to file a complaint on behalf of an entity pursuant to amended R.C. 5715.19, effective March 30, 1999. Amended R.C.5715.19(A)(1)(e) states in pertinent part as follows:
 Any person owning taxable real property in the county or in a taxing district with territory in the county; * * * if the person is a firm, company, association, partnership, limited liability company, or corporation, an officer, a salaried employee, a partner, or a member of that person * * * may file such a complaint regarding any such determination affecting any real property in the county * * *.
We find that the remedial purpose of this statute and its broad scope would appear to permit a limited partner of a partnership to file a complaint on behalf of a limited partnership. The BTA in its decision and the appellee on appeal cite to Lakeside Avenue Limited Partnership v. Cuyahoga Cty. Bd. of Revision (1999),85 Ohio St.3d 125, in support of the proposition that a limited partner does not have an interest in the real property of a limited partnership and therefore cannot file a complaint on behalf of the partnership. However, the Lakeside Ave. decision predates the amendment to the statute. The amended statute clearly allows those who are affiliated with a firm, company, association, partnership, limited liability company or corporation, to file a complaint on behalf of that entity. The statute does not require that those who are filing on behalf of the legal entity have an ownership interest in the real property. E.g., if a salaried employee can file on behalf of a corporation, a limited partner most certainly can file on behalf of the limited partnership.
In fact, the statute was amended in response to the recent Ohio Supreme Court decisions which disallowed anyone but the owner of the property or an attorney from filing a complaint with the tax board.[3]
We therefore find that the amended statute, if valid, would permit a limited partner to file a complaint challenging the assessment on behalf of the limited partnership. However, although we find that Mr. Calabrese, as a limited partner, has sufficient standing under the amended statute to file a complaint, that does not end the matter.
The next question which has been raised by the appellee is whether amended R.C. 5715.19 is constitutional. We find that the statute is unconstitutional as it violates the separation of powers between the judiciary and legislative branches. A statute that violates the doctrine of separation of powers is unconstitutional. State ex rel. OATL v. Sheward (1999), 86 Ohio St.3d 451, 475. The Supreme Court in State ex rel. Bray v. Russell (2000), 89 Ohio St.3d 132
recently reiterated the essential principle behind the policy of the separation of powers:
 The essential principle underlying the policy of the division of powers of government into three departments is that powers properly belonging to one of the departments ought not be directly and completely administered by either of the other departments, and further that none of them out to possess directly or indirectly an overruling influence over the others. State ex rel. Bryant v. Akron Metro. Park Dist. (1929), 120 Ohio St. 464, 473, 166 N.E.2d 407, 410. See, also, Knapp v. Thomas (1883), 39 Ohio St. 377, 391-392; State ex rel. Finley v. Pfeiffer (1955), 163 Ohio St. 149, 56 O.O. 190, 126 N.E.2d 57, paragraph one of the syllabus.
* * *
 In Zanesville v. Zanesville Tel. Tel. Co. (1900), 63 Ohio St. 442, 451, 59 N.E. 109, 110, this court stated: The distribution of the powers of the government, legislative, executive and judicial, among three co-ordinate branches, separate and independent of each other, is a fundamental feature of our system of constitutional government. In the preservation of these distinctions is seen, by many able jurists, the preservation of all the rights, civil and political, of the individual, secured by our free form of government; and it is held that any encroachment by any one upon the other is a step in the direction of arbitrary power. Though the judgment in Zanesville was reversed (1901), 64 Ohio St. 67, 59 N.E. 781, we adhere to the principles espoused therein. The reason the legislative, executive, and judicial powers are separate and balanced is to protect the people, not to protect the various branches of government.
Id. at 134-135.
In analyzing the constitutionality of the statute we are mindful that:
 In determining the constitutionality of legislative enactments such as the one in the case at bar, we begin with the well-settled principle that all enactments enjoy a strong presumption of constitutionality, and before a court may declare the statute unconstitutional, it must appear beyond a reasonable doubt that the legislation and constitutional provision are clearly incapable of coexisting. State ex rel. Dickman v. Defenbacher (1955), 164 Ohio St. 142, 57 O.O.134, 128 N.E.2d 59, paragraph one of the syllabus. Further, doubts regarding the validity of a legislative enactment are to be resolved in favor of the statute. State, ex. rel. Swetland v. Kinney (1982), 69 Ohio St.2d 567, 23 O.O.3d 479, 433 N.E.2d 217.
State v. Gill (1992), 63 Ohio St.3d 53, 55. Mindful of this stringent standard, we find the amended statute to be unconstitutional as it violates the Ohio Constitution beyond a reasonable doubt.
Pursuant to Section 2(B)(1)(g), Article IV of the Ohio Constitution, the Ohio Supreme Court shall have original jurisdiction over [a]dmission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of law. The Supreme Court has consistently indicated that it alone has the inherent power to regulate, control, and define the practice of law in Ohio. Washington Cty. Dept. of Human Serv. v. Rutter (1995), 100 Ohio App.3d 32, 36, citing to State ex. rel. Green v. Brown (1962), 173 Ohio St. 114, 18 O.O.2d 361, 180 N.E.2d 157, paragraph one and two of the syllabus; Judd v. City Trust Savings Bank (1937), 133 Ohio St. 81, 10 O.O. 95, 12 N.E.2d 288, paragraph one of the syllabus. The Ohio Supreme Court has repeatedly held that the filing of a complaint before the Board of Revision constitutes the practice of law. Sharon Village Ltd. v. Licking County Bd. of Revision (1997), 78 Ohio St.3d 479, syllabus; Lakeside Ave. L.P. v. Cuyahoga County Bd. of Revision (1999), 85 Ohio St.3d 125, 126; Worthington City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision (1999), 85 Ohio St.3d 156, 158. Amended R.C. 5715.19(A) permits persons who are not attorneys or the owners of the property to file complaints before the Board of Revision on behalf of the owner and therefore permits non-attorneys to engage in what has been uniformly recognized as the practice of law.
The General Assembly has no authority to authorize lay persons to engage in the practice of law in a representative capacity for another entity and the Ohio Supreme Court has taken no action to sanction such conduct. Washington Cty. Dept. Of Human Serv., supra at 37; see, also, Alliance v. Group, Inc. v. Rosenfeld (1996)115 Ohio App.3d 380, 387 (the General Assembly may not usurp the constitutionally granted functions of the Supreme Court set forth in Section 5, Article IV of the Ohio Constitution). The amended version of R.C. 5715.19(A) does exactly that as it allows non-attorneys to practice law. Because the statute clearly violates the separation of powers between the judiciary and legislative branches, the amended statute is unconstitutional. The Board of Tax Appeals therefore did not err in dismissing the appellant's complaint.
Appellant's sole assignment of error is overruled.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Board of Tax Appeals to carry this judgment into execution.
 _______________________ JAMES M. PORTER, J.
JAMES D. SWEENEY, P.J., and ANNE L. KILBANE, J., CONCUR.
[1] We note that the sheriff's sale deed indicates that Steven A. Calabrese is the grantee/owner of the property, not C.R. Truman, L.P. or Eric Calabrese. The parties do not make an issue of this point, nor shall we.
[2] Section 149 of Substitute House Bill 283 mandates that the statute is to be applied retroactively as sections 5715.13 and5715.19 of the Revised Code is remedial legislation and applies to any complaint that was timely filed under either of those sections for valuations for tax year 1994, 1995, 1996, or 1997, and to complaints filed for tax years 1998 and thereafter * * *.
[3] See, Senate Ways and Means Committee Notes from November 17, 1998, where it states:
 Rep. Schuler said since the Ohio Supreme Court ruled that only individuals who own the property can file a tax complaint, the prior practice of allowing a spouse, officers of small corporations or partnerships to file a complaint had been denied. The Supreme Court said those filing were unauthorized to practice law. This bill would correct this.