OPINION
Plaintiff-appellant, Sunny Family Limited Partnership, III appeals from the Marion Municipal Court's dismissal without prejudice of its amended complaint filed against defendants-appellees, Ann Claridge Lowe, individually and as trustee inter vivos revocable trust U/A, dated 4/23/98, Arthur Lowe, aka Art Lowe, and Mary Doe and John Doe, unknown identities (collectively, appellees).
Appellant is a Nevada limited partnership and filed a complaint for forcible entry and detainer seeking appellees' eviction, past-due rent and other damages. In addition to these claims, appellant's amended complaint added a third claim for the breach of the contract to purchase the property located at 572 Waldo-Fulton Road in Waldo, Ohio. In response, appellees filed a motion to strike and to dismiss the amended complaint. Following appellant's memoranda contra, the trial court dismissed the amended complaint without prejudice, finding that L.A.L.W., Inc., a Nevada corporation, the general partner of appellant foreign limited partnership, was an unlicensed foreign corporation and therefore lacked the capacity to maintain this action on behalf of appellant. The trial court concluded that as a general partner in appellant foreign limited partnership, L.A.L.W., Inc. was transacting business within the State of Ohio for purposes of R.C. 1703.03 and 1703.29(A).[1]
The appellant subsequently moved the trial court for reconsideration, for clarification, and for additional time to register its general partner. In its ruling dated March 31, 2000, the trial court overruled appellant's motion for reconsideration, but clarified as the basis of its dismissal the fact that L.A.L.W., Inc. has transacted business in Ohio by signing the contract as a general partner on behalf of appellant, upon which appellant brings this suit.
Appellant now appeals, asserting the following three assignments of error:
 The trial court erred as a matter of law and abused discretion in requiring registration of a general partner of a duly registered foreign limited partnership as a condition to the register [sic] foreign limited partnership, prosecuting a breach of a residential real estate lease/purchase contract claim.
 The court erred as a matter of law and abused discretion in finding that the general partner of a duly registered foreign limited partnership was transacting business in the State of Ohio when the general partner located in Nevada, signs a real estate purchase/lease contract on behalf of the duly registered, foreign, limited partnership or files a lawsuit on behalf of the registered foreign limited partnership.
 The trial court erred as a matter of law and abused discretion in not allowing plaintiff time to register plaintiff's general partner when there is no prejudice to the defendants, and there is an honest difference of opinion regarding the necessity of registering a general partner of a duly registered foreign limited partnership.
 The common issue raised by appellant's first and second assignments of error is whether the trial court erred in finding that the general partner of appellant foreign limited partnership was doing business in Ohio and therefore was required to have obtained a license in order to maintain this action on behalf of appellant.
We begin our analysis by noting that R.C. 1782.49 requires that a foreign limited partnership, that is, a limited partnership formed under the laws of any state other than Ohio, [R.C. 1782.01(E)], must register with the Ohio Secretary of State before transacting business in Ohio. Additionally, R.C. 1782.49 provides that a general partner must sign the application. A "general partner" is a "person who has been admitted to a limited partnership as a general partner in accordance with the partnership agreement and named in the certificate of limited partnership as a general partner." R.C. 1782.01(F). A foreign limited partnership which has registered may then maintain any action, suit, or proceeding in any court of this state. R.C. 1782.54(A).
While the trial court did not consider L.A.L.W., Inc. to be a party to the underlying action, the court found that such foreign corporation's signature on the essential underlying documents herein as general partner on behalf of a duly registered foreign limited partnership was the "transacting of business" in Ohio by the corporation, and thus, this case was dismissed without prejudice due to the foreign corporation's lack of registration pursuant to R.C. 1703.29(A). We must examine the relevant statutes applicable to limited partnerships contained in R.C. Chapter 1782 to determine if they support the basis upon which the trial court applied R.C. 1703.29.
R.C. 1782.01(H) provides that a "limited partnership" is a partnership formed by two or more persons, having as members one or more general partners and one or more limited partners.[2] R.C. 1782.24(A) permits a general partner of a limited partnership to possess all the rights and powers and liabilities of a partner in a partnership without limited partners; but no similar rights and powers are granted to limited partners in R.C. Chapter 1782. Lakeside Ave. L.P. v. Cuyahoga Cty. Bd. ofRevision (1999), 85 Ohio St.3d 125, 127. Inasmuch as a general partner is indistinguishable from a partner in a partnership without limited partners, a general partner is, therefore, generally both a principal and an agent of the partnership for purposes of the partnership business. See R.C. 1775.08(A). Thus, it is clear that under the statutory scheme set forth in R.C. Chapter 1782, a general partner is to have ultimate control of the limited partnership business. See R.C. 1782.19 (limited partner not liable for partnership obligations if no control of the partnership business is exercised).
Although we have found no Ohio cases directly on point, the closest case that we have found is Continent JV326128 v. Arthur I. MillerEnterprises, Inc. (May 25, 1989), Franklin App. No. 88AP-1051, 1989 WL 55703. In that case, the court of appeals analyzed the interplay between R.C. 1777.04[3] and R.C. 1703.29, and reasoned as follows:
 Since plaintiff [a California general partnership] is a partnership, R.C. 1777.04 controls and R.C. 1703.29
has no application because it applies only to corporations, not partnerships. The mere fact that one of the partners of a general partnership which has otherwise complied with Ohio law is a foreign corporation not licensed to do business in Ohio does not affect the right of a general partnership to maintain an action in its own name based upon a contract entered into in the partnership name with respect to property owned in the partnership name, so long as there has been full compliance with both R.C. Chapters 1329 and 1777. Accordingly, the trial court erred in granting defendants' motion for summary judgment predicated upon application of R.C. 1703.29, which has no application as to preclude plaintiff, a partnership, from maintaining this action.
 Here, it is undisputed that appellant was duly registered as a foreign limited partnership with the Ohio Secretary of State pursuant to the requirements of R.C. 1782.54(A). Moreover, despite the signature of the corporation on virtually all of the key transactional documents, the trial court did not consider L.A.L.W., Inc. to be a party to the underlying action. At most, this finding confirms L.A.L.W., Inc.'s agency on behalf of the foreign limited partnership. In this context, it is our conclusion that R.C. 1782.54(A) governing limited partnerships controls and R.C. 1703.29(A) pertaining to corporations only has no application as to preclude appellant, a foreign limited partnership, from maintaining this action.
Nor are we dissuaded from this view by the trial court's reliance on an opinion issued by the Ohio Attorney General addressing the licensing of foreign corporations in Ohio. See 1989 Ohio Atty.Gen.Ops. No. 89-081. The Attorney General applied principles governing partnership law, but did not pursue the application of R.C. 1782.54(A) itself.
Appellant's first and second assignments of error are sustained and the remaining assignment of error is rendered moot.
Finally, as to appellees' pending motion, we find that the appellant's brief sufficiently complies with App.R. 16 and Loc.R. 11. Based upon the foregoing, this appeal is not frivolous. Likewise, appellant's pending motion for sanctions is not well-taken.
Accordingly, having found error prejudicial to the appellant herein, the judgment of the Marion Municipal Court is reversed.
 ____________ SHAW, J.
 WALTERS, P.J., concurs, BRYANT, J., dissents.
[1] R.C. 1703.03 provides, in pertinent part, as follows:
 No foreign corporation not excepted from sections 1703.01 to 1703.31 of the Revised Code, shall transact business in this state unless it holds an unexpired and uncanceled license to do so issued by the secretary of state.
R.C. 1703.29(A) provides, in pertinent part, as follows:
 The failure of any corporation to obtain a license under sections 1703.01 to 1703.31, inclusive, of the Revised Code, does not affect the validity of any contract with such corporation, but no foreign corporation which should have obtained such license shall maintain any action in any court until it has obtained such license.
[2] A limited partnership formed under the laws of a state other than Ohio is a "foreign limited partnership." R.C. 1782.01(E). The laws of the state under which a foreign limited partnership is organized govern such partnership's organization, internal affairs and the liability of its limited partners. R.C. 1782.48.
[3] R.C. 1777.04 provides that:
 No persons doing business as partners contrary to sections 1777.02, 1777.03, and 1777.05 of the Revised Code shall commence or maintain an action on or on account of any contracts made or transactions had in their partnership name in any court of this state until they first file the certificate required by such sections * * *.