OPINION
Appellees-appellants, Buckwheat, Ltd. ("Buckwheat") and Candida, Ltd. ("Candida"), appeal from a judgment of the Board of Tax Appeals ("BTA") that concluded a complaint filed on behalf of Buckwheat and Candida before the Franklin County Board of Revision ("FCBOR") was insufficient to invoke the FCBOR's jurisdiction. Accordingly, the BTA granted a motion to dismiss and remanded the matter to the FCBOR with instructions to dismiss the complaint and reinstate values determined by the Franklin County auditor.
On March 31, 1997, Buckwheat and Candida, limited liability companies, filed an original complaint with the FCBOR against the valuation of real property they owned. Mark Mayers, who described himself in the complaint as "50% owner of Buckwheat Ltd[.]," was the complainant. Appellant-appellee, Board of Education of the Whitehall City School District ("Whitehall"), later filed a counter-complaint with the FCBOR. The FCBOR heard the matter on February 23, 1998, subsequently found in favor of Buckwheat and Candida, and decreased the valuation of real property Buckwheat and Candida owned.
Whitehall appealed to the BTA, and subsequently moved the BTA to dismiss the appeal and remand the action to the FCBOR with instructions to dismiss the underlying original complaint for lack of subject matter jurisdiction. The BTA denied Whitehall's motion to dismiss. Whitehall appealed to the Ohio Supreme Court, where Whitehall's appeal was sua sponte dismissed because Whitehall failed to prosecute with the requisite diligence pursuant to the court's rules of practice. See Whitehall City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision (1999),87 Ohio St.3d 1448. Subsequently, the BTA returned the matter to its docket for further proceedings.
During the pendency of the matter before the BTA, the Eighth District Court of Appeals issued C.R. Truman, L.P. v. Cuyahoga Cty. Bd. of Revision (July 27, 2000), Cuyahoga App. No. 76713, unreported, appeal not allowed (2001), 91 Ohio St.3d 1489. In Truman, the court considered whether the amended provisions of R.C. 5715.19 permitted a formerly unauthorized person to practice law in certain circumstances. The Truman court concluded the amended statute is unconstitutional because it violates the separation of powers between the judiciary and legislative branches. Finding the Truman decision and its own decision in Toledo Pub. Schools Bd. of Edn. v. Lucas Cty. Bd. of Revision (Apr. 3, 1998), BTA No. 97-P-1299, unreported, to be persuasive, the BTA concluded that, in the absence of the amended provisions of R.C. 5715.19, the complaint filed on behalf of Buckwheat and Candida was insufficient to invoke the jurisdiction of the FCBOR. The BTA granted Whitehall's motion to dismiss and remanded the matter to the FCBOR with instructions to dismiss the complaint and reinstate values determined by the Franklin County auditor. Buckwheat and Candida timely appeal, assigning two errors:
 1. The Board of Tax Appeals erred in holding that a member of a limited liability company cannot prepare and file a Complaint on behalf of the limited liability company requesting a decrease in the valuation of real property where the limited liability company is represented by counsel at the Board of Revision hearing.
 2. The Board of Tax Appeals erred in holding that the amendments to R.C. 5715.13 and 5715.19 were unconstitutional violations of the separation of powers.
Because the two assignments of error are interrelated, we address them jointly.
Former R.C. 5715.13, in effect at the time the complaint of Buckwheat and Candida was filed, provided that a "* * * county board of revision shall not decrease any valuation complained of unless the party affected thereby or his agent makes and files with the board a written application therefor * * *." Under former R.C. 5715.19(A)(1)(e), "[a]ny person owning taxable real property in the county or in a taxing district with territory in the county * * * may file such a complaint regarding any such determination affecting any real property in the county * * *." In Sharon Village Ltd. v. Licking Cty. Bd. of Revision (1997),78 Ohio St.3d 479, 481, the Ohio Supreme Court noted that "[a] board of revision is a quasi-judicial body. * * * To invoke its jurisdiction, it is necessary to file a verified complaint pursuant to R.C. 5715.13 and R.C. 5715.19. As these requirements are jurisdictional, the failure to fully and properly complete the complaint will result in dismissal of the action." (Citations omitted.) As noted in Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision (2001), 91 Ohio St.3d 308, 314 "* * * the critical inquiry for purposes of determining the vesting of jurisdiction in a board of revision is whether the record demonstrates the initiation of proceedings by the filing of a jurisdictionally valid complaint, i.e., a complaint `prepared and filed' either by the taxpayer acting in a pro se capacity or by an attorney authorized to practice law acting in the taxpayer's behalf."
In Sharon Village, the Ohio Supreme Court held that "[t]he preparation and filing of a complaint with a board of revision on behalf of a taxpayer constitute the practice of law." Id. at syllabus. "Thus, an attorney, or the owner of the property, must prepare and file the complaint." Bd. of Edn. of Worthington City School Dist. v. Bd. of Revision of Franklin Cty. (1999), 85 Ohio St.3d 156, 160. See, also, Lakeside Avenue Ltd. Partnership v. Cuyahoga Cty. Bd. of Revision (1999), 85 Ohio St.3d 125 (finding that a dismissal of a valuation complaint for lack of jurisdiction was proper because a limited partner, who was not an attorney, owned no interest in the real property of limited partnership); Fravel v. Stark Cty. Bd. of Revision (2000),88 Ohio St.3d 574 (finding that a taxpayer's nephew with durable general power of attorney engaged in the unauthorized practice of law by preparing and filing a valuation complaint with a board of revision).
Moreover, the decision of Sharon Village applies to Buckwheat and Candida even though their complaint was filed before the decision in Sharon Village was rendered. See Lakeside, supra, at 127-128 ("We made no specific provision in Sharon Village for it to be applied only prospectively. Therefore, Sharon Village is applicable to all complaints filed prior to and after the date of its announcement by this court").
Based on Sharon Village and its progeny, for a complaint before the FCBOR to be jurisdictionally valid, an attorney that is authorized to practice law must prepare and file the complaint, or an owner-taxpayer acting in a pro se capacity must prepare and file the complaint. See Bd. of Edn. of Worthington City School Dist., supra, at 160, and Cincinnati School Dist. Bd. of Edn., supra, at 314. Here, the record does not contain any evidence, nor do Buckwheat and Candida contend, that Mark Mayers, the party that filed the complaint before the FCBOR, is an attorney authorized to practice law. Moreover, it is immaterial that counsel represented Mayers at the FCBOR hearing.
Accordingly, unless Mayers, a non-attorney, can show ownership in the subject property, the complaint he filed before the FCBOR is jurisdictionally invalid. See Gammarino v. Hamilton Cty. Bd. of Revision (1997), 80 Ohio St.3d 32 (holding that a non-attorney was not an agent within the meaning of R.C. 5715.13 for the purpose of filing a complaint before a board of revision); Cincinnati School Dist. Bd. of Edn., supra, at 314 (noting that a taxpayer acting in a pro se capacity may file a jurisdictionally valid complaint). Mayers asserted he was a fifty percent owner of Buckwheat, managed the property at issue, and had specific authorization from the property owners to file the complaint. However, such assertions, assumed to be true, are insufficient to meet the necessary jurisdictional requirements under former R.C. 5715.13 and 5715.19.
Buckwheat and Candida, limited liability companies, are described in Mayers' complaint as the owners of the real property at issue. Effective in 1994, Sub.S.B. No. 74, codified in R.C. Chapter 1705, provided for the formation of limited liability companies. Under former R.C.1705.01(D)(2)(e), a limited liability company is defined as an entity. Pursuant to former R.C. 1705.03(C)(1), a limited liability company may purchase or acquire an interest in property. In addition, R.C. 1705.34
provides that real property owned or purchased by a limited liability company shall be held and owned in the name of the company, and conveyance of that real property shall be made in the name of the company. Any membership interest in a limited liability company is considered personal property of the limited liability company member. See R.C. 1705.17. In this case, Buckwheat and Candida were the legal owners of the real property, and Mayers' fifty percent membership interest in Buckwheat was Mayers' personal property.
Buckwheat and Candida nonetheless contend a limited liability company should not be treated differently than a partnership for the purpose of applying for a decrease in property valuation pursuant to former R.C.5715.13 because a limited liability company is treated similarly to a partnership for income tax purposes.
In Arpadi v. First MSP Corp. (1994), 68 Ohio St.3d 453, paragraph one of the syllabus, the Ohio Supreme Court held that "[a] partnership is an aggregate of individuals and does not constitute a separate legal entity." In contrast, both a limited liability company and a corporation are separate legal entities. See former R.C. 1705.01(D)(2)(e) and Agley v. Tracy (1999), 87 Ohio St.3d 265, 268 ("A corporation is an entity separate and apart from the individuals who compose it * * *"). In Union Savings Assn. v. Home Owners Aid (1970), 23 Ohio St.2d 60, syllabus, the Ohio Supreme Court held that "[a] corporation cannot maintain litigation in propria persona, or appear in court through an officer of the corporation or an appointed agent not admitted to the practice of law." By analogy, then, a limited liability company, as a separate legal entity, cannot maintain litigation in propria persona, or appear in court through an appointed agent not admitted to the practice of law.
We acknowledge the foregoing analysis conflicts with the amended provisions of R.C. 5715.19(A)(1)(e) that purport to permit a member of a limited liability company to file a complaint on behalf of the limited liability company. We thus must determine whether amended provisions of R.C. 5715.19 are constitutional. Cf. Cincinnati School Dist. Bd. of Edn., supra, at 315 ("It is * * * unnecessary for us to consider the constitutionality of that part of R.C. 5715.19 that purports to empower certain nonattorneys, including corporate officers, to file valuation complaints on behalf of others").
In 1998, subsequent to the Ohio Supreme Court's decision in Sharon Village, the General Assembly enacted Sub.H.B. No. 694, effective March 30, 1999, without the governor's signature. Cincinnati School Dist. Bd. of Edn., supra, at 309. The legislation's preamble stated its purpose was "`to amend sections 5715.13 and 5715.19 of the Revised Code to clarify who may file a complaint [challenging real property valuation assessments] with a county board of revision.' * * * The amended statutes permit the filing of a complaint by a person owning taxable property and also by certain persons who are not lawyers." Id. (Citations omitted.) (Footnotes omitted.)
In Truman, supra, the Eighth District Court of Appeals determined amended R.C. 5715.19 was unconstitutional because the statute violated the separation of powers between the judiciary and legislative branches. The analysis in Truman is persuasive and we concur with Truman's determination that the amended provisions of R.C. 5715.19, permitting a formerly unauthorized person to practice law in certain circumstances, are unconstitutional.
Initially, "[w]e begin our analysis from the premise that all legislative enactments enjoy a presumption of validity and constitutionality. * * * A statute must clearly be incapable of coexisting with the Constitution before it can be deemed invalid. * * * The statute must also be shown to violate the Constitution beyond a reasonable doubt * * * and the burden of demonstrating such violation is on the party raising the argument." Washington Cty. Dept. of Human Serv. v. Rutter (1995), 100 Ohio App.3d 32, 35. (Citations omitted.)
Section 2(B)(1)(g), Article IV, Ohio Constitution, grants power to the Ohio Supreme Court over all matters concerning "[a]dmission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of law." See Disciplinary Counsel v. Coleman (2000), 88 Ohio St.3d 155, 157; see, also, Judd v. City Trust 
Savings Bank (1937), 133 Ohio St. 81, paragraph one of the syllabus ("In Ohio, the power to regulate, control, and define the practice of law rests inherently in the judicial branch of the government"). As noted above, the Ohio Supreme Court has determined that preparing and filing a complaint before a board of revision constitutes the practice of law. In allowing persons that are not attorneys or owners of the property to file a complaint before a board of revision on behalf of the owner, amended R.C. 5715.19(A) permits non-attorneys to engage in conduct that the Ohio Supreme Court has characterized as the practice of law.
As the Truman court correctly noted, "[t]he General Assembly has no authority to authorize lay persons to engage in the practice of law in a representative capacity for another entity and the Ohio Supreme Court has taken no action to sanction such conduct." See State v. Hochhausler (1996), 76 Ohio St.3d 455, 464 ("The legislative branch has no right to limit the inherent powers of the judicial branch of the government"); State ex rel. Butler v. Demis (1981), 66 Ohio St.2d 123, 128. As a result, amended R.C. 5715.19(A) is unconstitutional beyond a reasonable doubt insofar as it permits persons that are not attorneys or owners of the property to file a complaint before a board of revision on behalf of the owner.
Accordingly, we overrule appellants' two assignments of error and affirm the judgment of the Board of Tax Appeals.
Judgment affirmed.
BOWMAN and BROWN, JJ., concur.