[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 574.]

FRAVEL, APPELLANT, *v*. STARK COUNTY BOARD OF REVISION ET AL.,
APPELLEES.

[Cite as *Fravel v. Stark Cty. Bd. of Revision* (2000), 88 Ohio St.3d 574.]

*Taxation—Real property valuation—Complaint challenging property's valuation*
*filed by property owner's nephew—Non-attorney operating under a power*
*of attorney—Remand of case by Board of Tax Appeals directing board of*
*revision to dismiss the complaint affirmed.*

(No. 99-1010—Submitted April 11, 2000—Decided May 31, 2000.)

APPEAL from the Board of Tax Appeals, No. 98-K-879.

_____

{¶ 1} Frieda Fravel, appellant, owns a one-hundred-fifty-nine-acre tree farm in Canal Fulton, Ohio. Fravel, who is ninety-four years old, is physically and mentally infirm and cannot move about without the assistance of others. In 1993, she signed a "Durable General Power of Attorney," which appointed her nephew, Carl W. Dorn, Jr., as her attorney-in-fact. She included in the powers granted to Dorn the power "[t]o compound, compromise, settle and adjust all claims (including tax claims) in favor of or against me, upon such terms as my attorney-in-fact may deem proper."

{¶ 2} In complying with these powers, Dorn reviewed Fravel's 1997 real property tax bill. He noticed that the bill had increased one hundred twenty-five percent over her prior tax bill, and he decided to challenge the property's valuation. He completed the valuation complaint form, listing Fravel as the owner of the property and himself as the complainant with a power of attorney. He signed the complaint and filed it with appellee Stark County Board of Revision. Realizing the complexity of the legal issues involved, Dorn hired an attorney to represent Fravel before the board of revision.

**{¶ 3}** The board of revision, after holding a hearing, issued a decision retaining the true value placed on Fravel's property by appellee Stark County Auditor. Fravel then appealed this decision to the Board of Tax Appeals ("BTA").

**{¶ 4}** The BTA, noting that Dorn is not an attorney, issued a show cause order under *Sharon Village Ltd. v. Licking Cty. Bd. of Revision* (1997), 78 Ohio St.3d 479, 678 N.E.2d 932. The BTA ordered Fravel to "show cause why this Board should not remand this matter to the Stark County Board of Revision with instructions that it dismiss the decrease complaint filed on the property owner's behalf." Ultimately, the BTA remanded the case to the board of revision and directed it to dismiss the complaint.

**{¶ 5}** This cause is now before the court upon an appeal as of right.

_____

*Hall Law Firm*, *Charles D. Hall III* and *Rosemarie A. Hall*, for appellant.

*Robert D. Horowitz*, Stark County Prosecuting Attorney, and *David M. Bridenstine*, Assistant Prosecuting Attorney, for appellees.

_____

***Per Curiam.***

**{¶ 6}** We hold that the BTA correctly remanded this cause to the board of revision for dismissal.

**{¶ 7}** In *Sharon Village*, at the syllabus, we held that "[t]he preparation and filing of a complaint with a board of revision on behalf of a taxpayer constitute the practice of law." We now hold that a non-attorney operating under a power of attorney engages in the unauthorized practice law when he prepares and files a complaint with a board of revision on behalf of a taxpayer.

**{¶ 8}** Recently, in *Disciplinary Counsel v. Coleman* (2000), 88 Ohio St.3d 155, 724 N.E.2d 402, an unauthorized practice of law case, we ruled that obtaining a power of attorney from a principal does not insulate a non-attorney from violating

2

the unauthorized practice of law statutes when the non-attorney performs a legal act in representing the principal.

{¶ 9} First, we observed that holders of powers of attorney "have historically not been considered attorneys who can appear in the courts. * * * An 'attorney-in-fact' has been consistently distinguished from an 'attorney at law' or 'public attorney' since at least 1402 when certain attorneys in England were examined by Justices and 'their names be entered on the roll' of those permitted to practice in the courts. 1 The Oxford English Dictionary (2 Ed.1989) 772. Thus, a person holding a power of attorney, but whose name is not entered on the roll, is an attorney-in-fact, but not an attorney at law permitted to practice in the courts."

{¶ 10} We next explained that we have authority under Section 2(B)(1)(g), Article IV of the Ohio Constitution "over all matters relating to the practice of law. * * * If accepted, respondent's argument that a person may execute a power of attorney and so enable the grantee to practice law in Ohio would render meaningless the supervisory control of the practice of law given to us by the Ohio Constitution."

{¶ 11} Third, we concluded that using a power of attorney "as a contract to represent another in court violates the laws of Ohio." We explained that R.C. 4705.01 "recognizes that a person has the inherent right to proceed *pro se* in any court. But it also prohibits a person from representing another by commencing, conducting, or defending any action or proceeding in which the person is not a party. When a person not admitted to the bar attempts to represent another in court on the basis of a power of attorney assigning *pro se* rights, he is in violation of this statute. A private contract cannot be used to circumvent a statutory prohibition based on public policy."

{¶ 12} Under *Coleman*, Dorn engaged in the unauthorized practice of law, and, under *Sharon Village*, the BTA correctly dismissed the complaint Dorn filed on behalf of Fravel.

**{¶ 13}** Accordingly, we hold that the BTA's decision is reasonable and lawful, and we affirm it.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

PFEIFER and LUNDBERG STRATTON, JJ., dissent.

————————————

**PFEIFER, J., dissenting.**

**{¶ 14}** This case presents an example of an opinion of this court being taken to an illogical extreme. My vote in *Sharon Village Ltd. v. Licking Cty. Bd. of Revision* (1997), 78 Ohio St.3d 479, 678 N.E.2d 932, was based on the facts of that case—a third-party agent, unrelated to the entities seeking revisions, filed applications with the Licking County Board of Revision. I saw that decision as one affecting freelancers soliciting and filing applications for revision without having a real relationship with the taxpayer. I considered that practice to be potentially harmful to taxpayers.

**{¶ 15}** With this case, we have finally reached the level of *reductio ad absurdum* regarding *Sharon Village*. Here, Frieda Fravel has given Dorn the legal power to step into her shoes. He is operating as Frieda Fravel, not merely on her behalf. By all accounts, this is a loving relative, trusted to take control of Fravel's estate, doing what is clearly in the best interest of the estate. This does not come close to involving the perceived perils involved with *Sharon Village*. I accordingly dissent, and would urge this court to take this opportunity to clearly delineate what *Sharon Village* truly means.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.

————————————