In re the Matter of John M. SNYDER,* Power of Attorney for Hanna C. Crone

v.

**Gerald S. MARTIN.**

No. CK01–03316.

Family Court of Delaware.

Submitted: March 30, 2001.

Decided: Oct. 2, 2001.

* Pseudonyms have been assigned to the parties to protect their identities.

Barry W. Meekins, Brown, Shiels, Beauregard & Chasanov, Dover, for father.

John M. Snyder, Power of Attorney for Hanna C. Crone, Smyrna, pro se.

HENRIKSEN, J.

Pending before the Court is a motion to dismiss, filed March 30, 2001, by Gerald S. Martin ("father"). Father is seeking the dismissal of a petition for custody filed by John M. Snyder ("Snyder") on February 27, 2001, on behalf of Hanna C. Crone ("mother") regarding the female minor child Carry L. Martin, born May 17, 1988. Snyder' custody petition filed on behalf of mother alleges that father is under investigation of sexual abuse against another child and that mother is requesting that the Court grant her custody in order that Carry may reside with mother at mother's residence in Titus, Alabama. Attached to the petition was a special military Power of Attorney signed by mother granting Snyder the power of attorney to *"act in my behalf in any and all court proceedings involving Carry Leigh Martin ... [Snyder] will represent me in all matters pertaining to this hearing."* Snyder executed the petition, the separate custody statement affidavit required by 13 *Del. C.* § 1909, and the affidavit requesting emergency *ex parte* relief. Also attached to the petition was an affidavit signed by Pamela D. Wisher of the Division of Family Services. Ms. Wisher's affidavit, stated, in part, that the Division and the Delaware State Police were currently investigating allegations of sexual abuse against father, and that, as such, the investigation made the child, Carry, a dependent child. Although Ms. Wisher's affidavit indicated that the Division was involved with an investigation concerning this child, the Division has not filed any petition regarding the child. Also, mother has not signed any document in support of the petition.

The original petition and motion to dismiss were filed in the Kent County Family Court where the request for *ex parte* emergency relief was denied. The Kent County bench has recused themselves from this matter because of a conflict, and the case was ultimately assigned to the Family Court in Sussex County before this Judge.

Father's motion to dismiss seeks dismissal of the petition on grounds that Snyder is not a party to the action, Snyder is not an attorney and is not authorized to represent the interests of mother in matters before the Court, and mother is not a

party nor has she filed any petition in the matter.

## LAW AND REASONING

■ The issue before this Court is whether a non-lawyer who is given the authority to act for a principal pursuant to Power of Attorney is thereby permitted to file papers and pursue Court proceedings on behalf of the principal in a custody proceeding in the Family Court of the State of Delaware. For the reasons set forth hereafter, the Court holds that it does not.

As was noted by the Supreme Court of Ohio in distinguishing between an attorney-in-fact and an attorney at law, *"First, we observed that holders of powers of attorney 'have historically not been considered attorneys who can appear in the courts. * * * An 'attorney-in-fact' has been consistently distinguished from an 'attorney at law' or 'public attorney' since at least 1402 when certain attorneys in England were examined by Justices and 'their names be entered on the roll' of those permitted to practice in the courts. 1 The Oxford English Dictionary (2 Ed.1989) 772. Thus, a person holding a power of attorney, but whose name is not entered on the roll, is an attorney-in-fact, but not an attorney at law permitted to practice in the courts.'"* [1] In this case, the Ohio Supreme Court held that a tax payer's nephew engaged in the unauthorized practice of law when he prepared and filed a valuation complaint with the Board of Revision on the taxpayer's behalf.

The Supreme Court of Minnesota has recently determined that a non-lawyer holding a valid durable Power of Attorney from a principal does not authorize the non-lawyer to sign pleadings on behalf of the principal, nor to appear on behalf of the principal in an appeal filed before the Ohio Court of Appeals.[2] The Minnesota Supreme Court pointed out that the scope of authority conferred upon an attorney-in-fact by a Power of Attorney is defined by statute.[3] The Minnesota statute authorizes an attorney-in-fact *"to assert and prosecute before any court ... any cause of action, claim, counter-claim, offset, or defense, which the principal has."* [4] The Minnesota Court noted that the reasonable interpretation of that broad statutory language was to allow the attorney-in-fact to make decisions concerning litigation for the principal, such as consulting with a lawyer and deciding whether or not to file, and, to hire an attorney at law to act on behalf of the principal. To interpret the statute otherwise would *"allow anyone to authorize another person, regardless of their qualifications, to practice law on their behalf, providing a very easy means of circumventing the prohibition against the unauthorized practice of law ..."* [5] The Minnesota Court went on to note that even if the legislature intended to allow a lay person to practice law, *"such a construction of the statute would undermine this Court's exclusive authority to regulate the practice of law and would violate the doctrine of separation of powers."* [6]

Both the Ohio and Minnesota Courts recognized the necessity to have superviso-

1. *Fravel v. Stark County Board of Revision*, 88 Ohio St.3d 574, 728 N.E.2d 393, 394 (2000).

2. *Conservatorship of J.M. Riebel*, 625 N.W.2d 480, 482 (Minn.Supr.2001).

3. See Minn.Stat § 523.24.

4. Id., Subd. 10(1).

5. *Conservatorship of J.M. Riebel*, 625 N.W.2d 480, 482 (Minn.Supr.2001).

6. *Conservatorship of J.M. Riebel*, 625 N.W.2d 480, 482 (Minn.Supr.2001).

ry control over the practice of law for the protection of the public.[7]

■ The Delaware Supreme Court has recognized this same critical policy *"to insure that the public will enjoy the representation of individuals who have been found to possess the necessary skills and training to represent others."*[8] In the *Arons* decision, the Delaware Supreme Court ruled that non-attorneys who possessed special knowledge and training with respect to problems of children with disabilities had engaged in the unauthorized practice of law as a result of their representation of families of children with disabilities in *"due process"* hearings held by the Delaware Department of Public Instruction pursuant to the federal Individuals with Disabilities Education Act (IDEA). The Delaware Supreme Court pointed out that these due process hearings, although not being before a Court of law, are conducted as adversarial adjudicatory hearings. The Court acknowledged that the non-attorneys possessed certain expertise in the areas of educational needs of disabled children. However, the Supreme Court specifically stated *"... they admittedly lacked the training and skills that lawyers are expected to exhibit in matters of evidence and procedure."*[9] It should be noted in the present case that Snyder has not even exhibited any special expertise that, at least, was exhibited by the lay people in the *Arons* educational needs case.

Certainly, if the Delaware Supreme Court prohibits lay people with special expertise in representing clients before an adversarial administrative hearing mandated under federal legislation, the Courts of this State, where knowledge and training in matters of evidence and procedure is even more critical than in an administrative hearing, and the lay person has demonstrated even less expertise than those advancing the educational needs of disabled children in the *Arons* case, must prohibit the lay person from taking on the function of an attorney at law under the guise of a document which makes that lay person an attorney-in-fact.

■ In another unreported decision rendered by Judge Graves of the Delaware Superior Court, the Court held that the representation of an employer by a non-attorney before the Unemployment Insurance Appeal Board constituted legal error.[10] Judge Graves reiterates in his opinion the previously noted premise that *"The admission of attorneys to practice and the exclusion of unauthorized persons from practice lie within the exclusive province of the Delaware Supreme Court."*[11]

Snyder has not made any allegation that he is an attorney authorized to practice law anywhere, and especially, in the State of Delaware. Although the Court is concerned that Snyder's petition, when considering the affidavit filed by the Division of Family Services worker, may present seri-

7. *Fravel v. Stark County Board of Revision,* 88 Ohio St.3d 574, 728 N.E.2d 393, 394 (2000) and *Conservatorship of J.M. Riebel,* 625 N.W.2d 480, 482 (Minn.Supr.2001).

8. *In re M. Arons,* Del.Supr. 756 A.2d 867, at 874 (2000). CERTIORARI DENIED. 532 U.S. 1065, 121 S.Ct. 2215, 150 L.Ed.2d 208 (June 4, 2001).

9. *In re M. Arons,* Del.Supr. 756 A.2d 867, at 874 (2000).

10. *Marshall–Steele v. Nanticoke Memorial Hospital, Inc.,* Del.Super., C.A. No. 98A–10–001, Graves, J. (June 18, 1999). 1999 WL 458724 (Del.Super.).

11. *Marshall–Steele v. Nanticoke Memorial Hospital, Inc.,* supra, citing *Delaware Optometric Corp. v. Sherwood,* Del.Supr., 128 A.2d 812 (1957).

ous concerns, the Court cannot ignore Snyder's attempt to practice the law, when, in fact, he is not a lawyer. Certainly, if the Division of Family Services feels that sufficient emergency circumstances exist to pursue this case further upon receipt of a copy of this decision, the Division may file its own emergency petition. Nevertheless, and for the reasons set forth above, the petition for custody filed by John M. Snyder as Power of Attorney for Hanna C. Crone must be, and is, **DISMISSED.**

**IT IS SO ORDERED.**