COURT OF CHANCERY
OF THE
STATE OF DELAWARE

MORGAN T. ZURN
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

October 29, 2018

Seth J. Reidenberg, Esquire
Tybout, Redfearn & Pell
740 Shipyard Drive, Suite 400
Wilmington, DE 19899

Jacqueline A. Lardani
James A. Lardani
3050 NE 48th Street, #301
Fort Lauderdale, FL 33308

Re: *IMO John P. Arot Estate; Arot v. Lardani*
C.A. No. 12915-VCZ

Dear Counsel and Litigants:

Plaintiff Marc N. Arot, as the successor administrator of the estate of John P. Arot, filed his complaint on November 17, 2016. That Complaint named two defendants, Jacqueline A. Lardani and James A. Lardani. The action has not advanced in the nearly two years since. Each side blames the other. Pending before me is the plaintiff's motion for default judgment. The defendants oppose, arguing they were never served. I deny the plaintiff's motion for the reasons described below.

## I.       Background

John P. Arot ("Decedent") died testate on December 17, 2013.[1]  Defendant James A. Lardani practiced law in Philadelphia and drafted Decedent's will.[2]  Decedent's will named Defendant Jacqueline A. Lardani as the executrix of Decedent's estate.[3]  Jacqueline[4] petitioned for, and the Register of Wills for New Castle County issued, letters testamentary identifying Jacqueline as the executrix.[5]  Jacqueline is no longer the executrix.  While the parties dispute why, that dispute is beyond the scope of this letter.

While serving as executrix, Jacqueline provided the Register of Wills a Philadelphia address, on Calvert Street.[6]  In February 2016, in her final filing with the Register of Wills, Jacqueline crossed out the Calvert Street address and replaced it with an address in Fort Lauderdale, Florida.[7]  In that filing, Jacqueline also changed her state of residence from Pennsylvania to Florida.[8]

---

[1]  Compl. ¶ 1.
[2]  *Id.*
[3]  *Id.* ¶ 2.
[4] Because two defendants share the same last name, I use first names in pursuit of clarity. I intend no familiarity or disrespect.
[5]  *Id.* ¶ 3.
[6]  *In the Matter of John P. Arot*, 157742 RR, Docket Items ("D.I.") 3, 7, 9, 11.  Because the Register of Wills is a Clerk of the Court of Chancery, filings with the Register of Wills are subject to judicial notice.  *See* 12 *Del. C.* § 2501; Del. R. Evid. 202(d)(1)(C).
[7]  *In the Matter of John P. Arot*, 157742 RR, Renunciation Form, filed Feb. 19, 2016.
[8]  *Id.*

Arot filed this action on November 17, 2016, seeking to recover an approximately $70,000 debt that Jacqueline supposedly owes to Decedent's estate.[9] Arot then obtained several summonses and tried to serve them. Arot's motion focuses on summonses Arot purports to have served in May and June 2017, and so this letter addresses only those attempts at service.[10]

Noting he had "been unsuccessful in serving the Complaint on the Defendants," Arot requested a summons on April 5, 2017, to serve on the Register of Wills pursuant to 12 *Del. C.* § 1506.[11] Arot served those papers on the Register of Wills on May 23, 2017.[12] Two days later, the Register of Wills sent a letter to Jacqueline at the Calvert Street, Philadelphia address she had originally provided, not the subsequent Fort Lauderdale address.[13] As for James, Arot claims he served him by certified mail on June 2, 2017, under 10 *Del. C.* § 3104.[14] There is no record showing either defendant signed for any of these mailings.

Arot filed his motion for default judgment on December 6, 2017. The defendants responded on December 27, 2017. Arot did not file a reply. After I

---

[9] Compl. ¶¶ 13, 14-49.
[10] Memorandum of Law in Support of Plaintiff's Motion for Default Judgment Against Defendants ("Mot."), ¶¶ 2-3.
[11] D.I. 5.
[12] D.I. 10.
[13] *In the Matter of John P. Arot*, 157742 RR, D.I. 24.
[14] Mot. ¶ 3.

requested a status update in July, I received a letter from Arot, and two letters from the defendants, addressing the service issues that have become the focus of the parties' arguments on Arot's motion.

## II.        Analysis

The defendants never appeared, pled, or otherwise defended against the Complaint.[15]   Arot claims that he is therefore "entitled to an entry of default judgment pursuant to Court of Chancery Rule 55(b)."[16]   The defendants responded *pro se* and argued they never received service.[17]   The defendants are correct.

Arot "has the burden to show that service of process was effective."[18]   As proof of serving Jacqueline, Arot provides only a copy of the return of service showing that Arot's process server served the papers on the Register of Wills.[19]   The Register sent those papers to Jacqueline's prior Calvert Street, Philadelphia address,

---

[15]  Ct. Ch. R. 55(b).

[16]  Mot. ¶ 5.

[17] Arot rightly takes issue with James speaking for Jacqueline in *pro se* filings, as one layperson cannot represent another in the courts of this State.  *See Snyder v. Martin*, 820 A.2d 390, 392-93 (Del. Fam. Ct. 2001) ("[T]he Courts of this State ... must prohibit the lay person from taking on the function of an attorney at law under the guise of a document which makes that lay person an attorney-in-fact.").  I have drawn conclusions pertaining to Jacqueline based only on papers she has signed and records subject to judicial notice.

[18]  *Boulden v. Albiorix, Inc.*, 2013 WL 396254, at *9 (Del. Ch. Jan. 31, 2013), *as revised* (Feb. 7, 2013).

[19]  Mot. Ex. A.

not her Fort Lauderdale address.[20]  Arot does not mention that the Register sent the papers to Jacqueline, implying that Arot believes he completed service when he served the Register.  That is not the case.

Serving the papers on the Register is a necessary step but does not complete service.  Following that step, the Register must also "forward forthwith, by certified mail, return receipt requested, to the address of such executor … any notices or process served upon the Register."[21]  Neither Arot nor the Register has provided evidence that anyone received the Register's letter at the Calvert Street address, or that the Register served Jacqueline at the Fort Lauderdale address.  Arot has not shown that Jacqueline has been served.

The same is true for James.  To support his claim that he served James, Arot cites an "executed return receipt."[22]  The certified mail receipts show that Arot sent the papers to two addresses in Philadelphia.  One is a post office box, and the other is a suite on Market Street in Philadelphia that Arot claims is James's place of business.[23]  Arot provides one completed return, which shows a third party – not James – received the mailing at the Market Street address.[24]

---

[20]  *In the Matter of John P. Arot*, 157742 RR, D.I. 24.
[21]  12 *Del. C.* §1506.
[22]  Mot. ¶ 3; Ex. B.
[23]  *Id.*
[24]  *Id.*

James responds that the Market Street address was his work address before March 2009.[25] He provided an affidavit from the attorney who has leased the space since May 1, 2012.[26] That attorney stated that James is not a tenant of the office, and explained that the firm's receptionist accepted and signed for the certified letter addressed to James "in error," then returned the letter to sender the next business day.[27]

Court of Chancery Rule 4(d)(1) provides several avenues for effecting service on an individual. Arot does not contend he served James in person, nor does he claim the Market Street address is James's "usual place of abode."[28] Arot's attempt at service sounds in Rule 4(d)(1)'s provision for service by "delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."[29] But Arot has not shown that James authorized the receptionist who signed for the certified mail to accept service on James' behalf.[30]

---

[25] D.I. 18, at 2.

[26] D.I. 18, Exs. at 2.

[27] *Id*.

[28] Ct. Ch. R. 4(d)(1).

[29] *Id.*

[30] *See Alston v. Hudson, Jones, Jaywork, Williams & Liguori*, 1999 WL 743671, at *2 (Del. Super. Ct. Aug. 13, 1999) (ruling service was insufficient where "the receptionists were not authorized to receive service of process") *aff'd*, 748 A.2d 406 (Del. 2000); *see also Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 486 (3d Cir. 1993) (concluding "that service on a building receptionist with no employment ties to the defendant" was insufficient).

Arot attempts to show James works at the Market Street address by pointing to directory websites listing James as a tenant at the address, but James does not maintain or control those websites. The website maintained by the law firm claiming to have leased the space since 2012, as well as other directory websites, confirms that firm currently occupies the space.[31] The record does not demonstrate that James occupies the Market Street address. I conclude the receptionist who signed for the papers at the Market Street address was not authorized to accept service on James's behalf. Arot thus still has not properly served James.

Because Arot did not serve either Defendant, the motion for default judgment must be denied. The defendants have provided a Fort Lauderdale address.[32] That address matches the address Jacqueline provided the Register of Wills. Arot has one year to effect service or face dismissal under Court of Chancery Rule 41(e).

## III.    Conclusion

For the foregoing reasons, the plaintiff's motion for default is denied.

Sincerely,

*/s/ Morgan T. Zurn*

Vice Chancellor

MTZ/ms

---

[31] D.I. 18, Exs. at 2; D.I. 30 at 4.
[32] D.I. 20 at 4 (stating James "has simply listed the address of his residence" in filings with this Court).