**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

IN RE AMC ENTERTAINMENT )
HOLDINGS, INC. STOCKHOLDER ) Consol. C.A. No. 2023-0215-MTZ
LITIGATION )

**ORDER DENYING EXCEPTIONS**

**WHEREAS**:

A. On May 28, 2023, nonparty Jordan Affholter filed a "Response and Objection to the Report and Recommendations of the Special Master – Regarding Affholter's Motion for Enlargement of Time,"[1] which the Court has accepted as exceptions to the Special Master filed on May 25[2] addressing those portions of Mr. Affholter's motion[3] that the Court did not resolve in the first instance.[4] The Court ordered the parties to brief those exceptions, which they did, culminating in Mr. Affholter's reply filed June 4.[5] This order refers to these exceptions as the "Affholter First Exceptions," and the subject report as the "May 25 Report."

B. On May 31, Mr. Affholter filed a notice of exceptions[6] to the Special Master's report filed on May 30.[7] He filed an opening brief[8] and then a reply

---

[1] Docket Item ("D.I.") 352.

[2] D.I. 341.

[3] D.I. 320.

[4] D.I. 330.

[5] D.I. 353; D.I. 363; D.I. 411; D.I. 412; D.I. 420.

[6] D.I. 394.

[7] D.I. 365.

1

addressing plaintiffs' opposition to his May 28 exceptions on June 4.[9]  This order refers to these exceptions as the "Affholter Second Exceptions," and the subject report as the "May 30 Report."

C.     On June 1, nonparty Etan Leibovitz submitted a notice of exceptions[10] (the "Leibovitz Exceptions") to the May 30 Report addressing his motion[11] and the Special Master's report filed May 23 (the "May 23 Report").[12]  He indicated his intention to make a further submission this week.

D.     Finally, on May 31, nonparty Alex Mathew filed a "response" and "counter argument" to the May 30 Report (the "Mathew Submission").[13]

**AND NOW**, on this 8th day of June, 2023, the Court finds and orders as follows:

1.     The Court has adopted the Special Master's recommendation in the May 25 Report that the Court accept in-person attendance forms postmarked up to and including May 31, 2023.

---

[8] D.I. 404.

[9] D.I. 421.

[10] D.I. 397.

[11] D.I. 343.

[12] D.I. 326.

[13] D.I. 393.

**Affholter First Exceptions**

2.      A hearing on the Affholter First Exceptions is unnecessary.  The Court has considered de novo the rulings in the May 25 Report.[14]

3.      The Court agrees with the May 25 Report's conclusion that Mr. Affholter "is not a class representative and cannot obtain relief on behalf of others."[15]  The Special Master denied Mr. Affholter's motion to intervene, and he did not take exception:  he is a nonparty without standing to move this Court for relief.[16]

4.      Mr. Affholter has not submitted an objection.[17]  His complaints about a technical hiccup in the objections email portal, and the delay in publishing public versions of the exhibits cited in the parties' briefs, could have been considered as objections.   Mr. Affholter instead has chosen file multiple motions he lacks standing to file.[18]

5.      Plaintiffs represent that Mr. Affholter also helped draft a sixty-seven-page "Form Objection" he made available to AMC stockholders, and

---

[14] *See DiGiacobbe v. Sestak*, 743 A.2d 180, 184 (Del. 1999) (citation omitted).

[15] D.I. 341 at 6.

[16] D.I. 330 at 2 n.5; *Sanders v. Wang & Computer Assoc's*, 1998 WL 842281, at *3 (Del. Ch. Nov. 19, 1998) ("In order to have standing to seek a stay of this action, the Movants must be parties following leave to intervene.  Since the Motion to Intervene is denied as to [three stockholders,] they do not have standing to seek a stay of this action.").

[17] D.I. 412 ¶ 1; D.I. 435 at 2.  Mr. Affholter did not paginate his filing, and it did not included numbered paragraphs, so I have counted the PDF pages and reference those.

[18] D.I. 188; D.I. 320; D.I. 345; D.I. 355; D.I. 405.

the public at large, on May 16, 2023.[19]  Mr. Affholter had no difficulty utilizing the information available to him to craft his motions and the Form Objection.  His request for relief based on prejudice to himself appears unfounded, and he lacks standing to seek relief.  As for prejudice to other stockholders, Mr. Affholter is not an attorney; representing the interests of other stockholders in this proceeding risks committing the unauthorized practice of law.[20]

6.      The Court agrees with the May 25 Report's conclusion that the confusing automatic email that objectors received for a seven-day period is not cause for extending the objection deadline.  Plaintiffs' counsel remediated this issue and assured each objector who received the email that their objection had been received.

---

[19] D.I. 412 ¶ 8; *see also* D.I. 356 ¶ 16 n.18.

[20] *See Del. State Bar Ass'n v. Alexander*, 386 A.2d 652 (Del. 1978); *In re Arons*, 756 A.2d 867 (Del. 2000) (en banc); *id.* at 874 ("This Court does not exercise its inherent authority to regulate the practice of law for the purpose of protecting the financial interest of the lawyer.  Our role is to insure that the public will enjoy the representation of individuals who have been found to possess the necessary skills and training to represent others."); *In re Petition of Machette*, 852 A.2d 908, 2004 WL 1535729, at *2 (Del. 2004) (TABLE); *Chang v. Childrens' Advocacy Ctr. Of Del., Inc.*, 2016 WL 7188105, at *4 (Del. Super. Dec. 9, 2016) ("The unauthorized practice of law 'occurs where there is an exercise of judgment on a legal matter by someone acting in a representative capacity . . . if it occurs in Delaware, on a matter of Delaware law, by someone not admitted to the Delaware Bar.'" (quoting *Townsend v. Integrated Mfg. & Assembly*, 2013 WL 4521087, at *1 (Del. Super. July 30, 2013))); *Del. Health Corp. v. Brooks*, 2010 WL 3103669, at *1 (Del. Com. Pl. July 14, 2010); *Snyder v. Martin*, 820 A.2d 390 (Del. Fam. 2001). Persons not admitted to practice law before this Court who represent others before this Court are subject to prosecution for the unauthorized practice of law by Delaware's Office of Disciplinary Counsel.  *See Machette*, 852 A.2d 908, 2004 WL 1535729, at *2.

7. The Court also agrees with the May 25 Report's conclusion that the frustrating delay in publishing public versions of the exhibits cited in the briefing is not cause for extending the objection deadline. Lead Plaintiffs' counsel has explained the delay in publishing the exhibits, and the Court accepts that explanation.[21] The exhibits were published on AMC's investor relations website, one of the many sources of public notice of these proceedings.[22]

8. Mr. Affholter's First Exceptions are **DENIED**.

**Affholter Second Exceptions**

9. A hearing on the Affholter Second Exceptions is unnecessary. The Court has considered de novo the rulings in the May 30 Report.[23]

---

[21] But there is no explanation for the continued lack of compliance with paragraph 72 of the notice sent to stockholders, which requires "copies of the Stipulation, the Complaint, Settlement Briefs, the Special Master's report and recommendations, and any related orders entered by the Court [to] be posted . . . online at the 'Investor Relations' section of AMC's website, investor.amctheatres.com/newsroom/default.aspx, and Lead Counsel's websites, blbglaw.com, gelaw.com and fksfirm.com , or you can reach out to Lead Counsel at AMCSettlementObjections@blbglaw.com." D.I. 185, Notice of Pendency of Stockholder Class Action and Proposed Settlement Hearing, and Right to Appear ¶ 72. As of the date of this letter, AMC has posted nothing beyond May 20, 2023. *Presentations*, AMC THEATRES INVESTOR RELATIONS, https://investor.amctheatres.com/financial-performance/presentations/default.aspx (last visited June 7, 2023). I repeat my insistence that the parties update the specified websites today, and every day a noted report or order is issued, to comply with paragraph 72 of the notice.

[22] *Presentations*, AMC THEATRES INVESTOR RELATIONS, https://investor.amctheatres.com/financial-performance/presentations/default.aspx (last visited June 7, 2023).

[23] *See DiGiacobbe*, 743 A.2d at 184.

10. The Court's conclusions on the First Exceptions that Mr. Affholter lacks standing to move this Court for relief, and could have but did not submit his concerns about notice as an objection, apply to the Second Exceptions.

11. The Court agrees with the May 30 Report's conclusion that because Mr. Affholter clearly received timely electronic notice of the settlement, as evidenced by his numerous filings with this Court, his "individual interest in having additional notice through a post card falls short of providing good cause, or any reason, to adjourn the settlement hearing."[24]

12. Mr. Affholter's Second Exceptions are **DENIED**.

13. In a filing earlier this morning, Mr. Affholter pointed to text in earlier filings stating that he "reserve[d] his right" to file a late objection after the May 31 deadline depending on how his motions were adjudicated.[25] He also confirms he has not filed his objection.[26] I repeat to Mr. Affholter what every other AMC stockholder who has contacted the Court has been told: he is free to submit his untimely objection, but there is no guarantee it will be considered.

**Leibovitz Exceptions**

14. I ask Mr. Leibovitz to consider this order as he drafts his submission in support of his exceptions. He is not a party and does not have standing to seek

---

[24] D.I. 365 at 8.

[25] D.I. 435 at 2 (quoting D.I. 345 ¶ 13).

[26] D.I. 435 at 4.

relief from this Court. His concerns about the timing of postcard notice are of no legal import because he clearly received timely electronic notice of these proceedings;[27] his concerns about notice broadly are properly submitted as an objection; and he cannot speak for other stockholders. His stated concerns about the adequacy of lead counsel would also be proper fodder for an objection.

**Mathew Submission**

15. The Mathew Submission purports to speak to whether Mr. Affholter had actual notice of the settlement, and to support Mr. Affholter's request for relief. Like Mr. Affholter and Mr. Leibovitz before him, Mr. Mathew cannot speak for another AMC stockholder.[28]

*/s/ Morgan T. Zurn*
Vice Chancellor Morgan T. Zurn

---

[27] D.I. 259; D.I. 343.

[28] Mr. Mathew has acknowledged that he is not a lawyer. D.I. 198 ¶ 6 ("Additionally, Mr. Mathew has some legal experience, being a L1 [sic] in Law School . . . .").

7