**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

IN RE AMC ENTERTAINMENT     )
HOLDINGS, INC. STOCKHOLDER   )  Consol. C.A. No. 2023-0215-MTZ
LITIGATION                        )

## ORDER DENYING EXCEPTIONS

**WHEREAS**:

A. On June 9, 2023, nonparty Alexander Holland submitted correspondence to the Court from Holland titled "Formal Complaint of non-compliance with courts [sic] order by the defendants and motion for further investigations of the failed postcard notifications of class members."[1] This order refers to that correspondence as the "Postcard Correspondence." On June 12, the Special Master recommended this Court deny the relief sought in the Postcard Correspondence (the "June 12 Report").[2]

B. On June 21, Holland filed "Exceptions/Opposition to Report and Recommendation of Special Master Regarding Correspondence from Oheen Imara and Alexander Holland,[3] which the Court has accepted as exceptions to June 12

---

[1] Docket Item ("D.I.") 465 at 1. Holland dated the Postcard Correspondence May 25. *Id.* The Register in Chancery stamped the Postcard Correspondence as filed on June 6, and loaded it onto the electronic docket on June 9. *Id.*

[2] D.I. 475.

[3] D.I. 511. Holland dated the Holland Exceptions June 14. *Id.* at 1. The Register in Chancery stamped the Holland Exceptions as filed, and docketed them, on June 21. *Id.*

1

Report (the "Holland Exceptions"). The Court ordered the parties to brief those exceptions, which they did, culminating in Holland's reply filed July 11.[4]

**AND NOW**, on this 19th day of July, 2023, the Court finds and orders as follows:

1.      As an initial matter, I do not consider new arguments or evidence Holland introduced in the Holland Exceptions that were not submitted in the Postcard Correspondence in the first instance.[5]

2.      A hearing on the Holland Exceptions is unnecessary. The Court has considered de novo the rulings in the June 12 Report.[6]

3.      The Court agrees with the June 12 Report's conclusion that because Holland clearly received timely electronic notice of the settlement, as evidenced by his numerous filings with this Court[7] and timely objection,[8] he "failed to show

---

[4] D.I. 512; D.I. 541; D.I. 550; D.I. 575. Holland filed a timely opening brief, and the plaintiffs filed a timely opposition. D.I. 512; D.I. 541; D.I. 550. The deadline for Holland's reply was June 28 (D.I. 512), but the plaintiffs never served him with their opposition. D.I. 550 at certificate of service (indicating the plaintiffs only served counsel of record via File & ServeXpress); D.I. 575 at 6 (affirming that he "was not served with plaintiffs['] reply/opposition"). Because the plaintiffs failed to serve Holland with their opposition, I consider his untimely reply.

[5] *Kablaoui v. Gerar Place Condo. Ass'n*, 2022 WL 17827089, at *3 (Del. Ch. Dec. 21, 2022) ("Parties may not introduce new evidence or make new assertions in an attempt to overturn a Master's Final Report on exceptions." (citing *Lynch v. Thompson*, 2009 WL 1900464, at *2 (Del. Ch. June 29, 2009))).

[6] *See DiGiacobbe v. Sestak*, 743 A.2d 180, 184 (Del. 1999) (citation omitted).

[7] *E.g.*, D.I. 110; D.I. 111; D.I. 159.

good cause to extend any deadlines in the [Scheduling Order With Respect to Notice and Settlement Hearing], adjourn the settlement hearing, or modify the already existing proof of notice compliance requirements."[9]   In other words, Holland failed to show personal prejudice to support a finding of "good cause."

4.     As for prejudice to other stockholders, Holland is not an attorney; representing the interests of other stockholders in this proceeding risks committing the unauthorized practice of law.[10]  Holland argues he is "[a] witness – [t]his is not a matter of representation by a statement of fact that my family members are

---

[8] D.I. 567, Amended Appendix A at row 535 (identifying Holland as having filed a timely objection with proof of ownership); D.I. 527, Transmittal Affidavit of Daniel E Meyer ¶ 2 (same); D.I. 528, Ex. P (attaching same); *cf.* D.I. 518 at 41, 63–64, 69, 72, 74–75, 79–80, 84 (discussing and citing to an objection Holland submitted).

[9] D.I. 475 at 2–3 (footnotes omitted).

[10] *See Del. State Bar Ass'n v. Alexander*, 386 A.2d 652 (Del. 1978); *In re Arons*, 756 A.2d 867 (Del. 2000) (en banc); *id.* at 874 ("This Court does not exercise its inherent authority to regulate the practice of law for the purpose of protecting the financial interest of the lawyer.  Our role is to insure that the public will enjoy the representation of individuals who have been found to possess the necessary skills and training to represent others."); *In re Petition of Machette*, 852 A.2d 908, 2004 WL 1535729, at *2 (Del. 2004) (TABLE); *Chang v. Childs.' Advoc. Ctr. Of Del., Inc.*, 2016 WL 7188105, at *4 (Del. Super. Dec. 9, 2016) ("The unauthorized practice of law 'occurs where there is an exercise of judgment on a legal matter by someone acting in a representative capacity . . . if it occurs in Delaware, on a matter of Delaware law, by someone not admitted to the Delaware Bar.'" (quoting *Townsend v. Integrated Mfg. & Assembly*, 2013 WL 4521087, at *1 (Del. Super. July 30, 2013))); *Del. Health Corp. v. Brooks*, 2010 WL 3103669, at *1 (Del. Com. Pl. July 14, 2010); *Snyder v. Martin*, 820 A.2d 390 (Del. Fam. 2001). Persons not admitted to practice law before this Court who represent others before this Court are subject to prosecution for the unauthorized practice of law by Delaware's Office of Disciplinary Counsel.  *See Machette*, 852 A.2d 908, 2004 WL 1535729, at *2.

3

uninformed."[11] And yet, Holland takes exception to the June 12 Report for its "[f]ailure to [a]ddress [c]oncerns" about the purported lack of notice his family received.[12]

5.     Regardless of Holland's concerns, he cannot speak for other AMC stockholders—such as his father and uncle—as to the notice those stockholders did or did not receive, or when those stockholders received it and his concerns about other stockholders cannot serve as a basis for his asserted prejudice. While he agreed "[i]t is and was not my intention to represent other class members before the court," he argues that his "concerns go beyond personal prejudice and extend to the rights and interests of all class members who have been deprived of timely information."[13] Any concerns that "go beyond personal prejudice" go too far. For those reasons, the Court agrees with the June 12 Report's treatment of Holland's purported representations on behalf of his family members.

6.     The Court further agrees with the June 12 Report's conclusion that Holland "failed to make the necessary showing to obtain additional discovery."[14]

---

[11] D.I. 511 at 1. Holland did not paginate his notice of exceptions, and it did not include numbered paragraphs, so I have counted the PDF pages and reference those. D.I. 541 at 2.

[12] D.I. 511 at 1; D.I. 541 at 1–5.

[13] D.I. 511 at 3; D.I. 541 at 5; D.I. 575 at 4 ("Holland has made it abundantly clear that he is not seeking to represent anyone before the court, but rather presenting facts and raising valid concerns.").

[14] D.I. 475 at 3 (footnote omitted).

7.  Finally, the Holland Exceptions also object to the Report and Recommendation of the Special Master Regarding Objections to the Proposed Settlement (the "Final Report").[15]  Those arguments will be considered in conjunction with the exceptions Holland timely filed on June 27,[16] and any other exceptions to the Final Report, in the Court's opinion on the proposed settlement.

8.  The Holland Exceptions are **DENIED**.

*/s/ Morgan T. Zurn*
Vice Chancellor Morgan T. Zurn

---

[15] D.I. 518; D.I. 541 at 12–15.

[16] D.I. 547.