# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

KEVIN KULAK, for himself and derivatively on behalf of MOVADO PT TECHNOLOGIES INC.,

Plaintiff,

v.

ITSHAK ("ITZIK") ON and KEREN-OR ON,

Defendants,

and

MOVADO PT TECHNOLOGIES INC.,

Nominal Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. 2023-0011-KSJM

## ORDER DENYING APPLICATION FOR CERTIFICATION OF INTERLOCUTORY APPEAL

1. Defendants Itshak On and Keren-Or On ("Defendants") have applied (the "Application") for certification of interlocutory appeal of this court's May 17, 2024 bench ruling (the "Bench Ruling") and May 28, 2024 letter decision (the "Letter Decision").[1] As relevant here, the Bench Ruling partially denied Defendants' motions for sanctions and took the plaintiff's motion for sanctions under advisement.[2] The

---

[1] C.A. No. 2023-0011-KSJM, Docket ("Dkt.") 97, Application for Certification of Interlocutory Appeal ("Appl.") from Dkt. 88, May 17, 2024 bench ruling ("Bench Ruling Tr.") and from Dkt. 89, May 28, 2024 letter decision ("Letter Decision").

[2] Bench Ruling Tr. at 20:5–21:23 ("Mr. On, I am denying your motion for sanctions related to use of the deposition transcripts. The way this works typically is attorneys hire a third party to transcribe depositions. They do so to the best of their ability. And both sides who were present have an opportunity to submit errata sheets marking

Letter Decision denied Defendants' motion to compel, motions for sanctions, and motion to limit deposition.[3]

2. Supreme Court Rule 42 governs applications for interlocutory appeals, requiring that they be filed within "10 days of the entry of the order from which the appeal is sought" and establishing a two-step test for determining whether to certify interlocutory appeal.[4] Rule 42 cautions that "[i]nterlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[5] This language from Rule 42 serves as an interpretive principle, requiring that the court interpret the factors such that interlocutory appeals are the exception and not the routine.[6]

3. As to the Bench Ruling, Defendants' application fails because it was not filed within ten days. As computed under Supreme Court Rule 11, ten days from Friday, May 17 was Monday, May 27, 2024.[7] Defendants filed their Application on

---

where it was wrong, and then those errata sheets become part of the record and can be used in examination and cross-examination. That's the way it works.").

[3] *Kulak v. On*, 2024 WL 2735436, at *4 (Del. Ch. May 28, 2024).

[4] Supr. Ct. R. 42(c)(i).

[5] Supr. Ct. R. 42(b)(ii).

[6] *See also* Supr. Ct. R. 42(b) (stating that "[i]f the balance is uncertain, the trial court should refuse to certify the interlocutory appeal"); 2 Donald J. Wolfe, Jr. & Michael A. Pittenger, *Corporate and Commercial Practice in the Delaware Court of Chancery* § 18.04[c] (2d ed. 2023).

[7] Supr. Ct. R. 11(a) (providing that, "[w]hen the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays and other legal holidays shall be excluded in the computation").

Wednesday, June 5, 2024, so it is untimely. Although Rule 42 provides that this limitation can be overcome by a showing of good cause,[8] Defendants have not argued good cause for their delay, nor is the court able to find good cause.[9]

4. As to the Letter Decision, Defendants' application is timely, but it fails on the merits. Under the two-part test established by Rule 42, the court must first determine whether "the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment."[10] If the substantial-issue requirement is met, the court will then analyze eight factors concerning whether "there are substantial benefits that will outweigh the certain costs that accompany an interlocutory appeal."[11]

5. As commonly articulated, the substantial-issue requirement is met when a decision speaks to the merits of the case.[12] In practice, however, the Supreme Court has accepted interlocutory appeals of non-merits-based questions that

---

[8] Supr. Ct. R. 42(c)(i) (requiring that an application for certification of interlocutory appeal be "filed within 10 days of the entry of the order from which the appeal is sought or such longer time as the trial court, in its discretion, may order for good cause shown").

[9] *See J.C. Opco, LLC v. Hudson Hosp. Holdco, Inc.*, 284 A.3d 725, 2022 WL 4451489, at *1 (Del. Sept. 23, 2022) (TABLE) (refusing interlocutory appeal where the appellant failed to show good cause for its untimely application).

[10] Supr. Ct. R. 42(b)(i).

[11] Supr. Ct. R. 42(b)(ii); *see* Supr. Ct. R. 42(b)(iii)(A)–(H).

[12] *See, e.g.*, *Sprint Nextel Corp. v iPCS, Inc.*, 2008 WL 2861717, at *1 (Del. Ch. July 22, 2008) (stating that "[t]he substantial issue requirement is met when an interlocutory order decides a main question of law which relates to the merits of the case, and not to collateral matters" (internal quotation marks and citation omitted)); *see generally Wolfe & Pittenger* § 18.04[b] (listing issues over which the Supreme Court has accepted interlocutory appeal).

implicate significant issues under Delaware law.[13] This practice suggests that the definition of a "substantial" issue extends more broadly than the definition of a "merits" issue. Put differently, a merits issue is necessarily a substantial issue; a substantial issue is not necessarily a merits issue.

6.     Defendants argue that the court erred by prohibiting them from obtaining discovery that they believe is necessary to their defense. Multiple Delaware courts have held that discovery issues do not constitute a "substantial issue" for the purposes of Rule 42(b)(i).[14] And there is no reason to depart from that precedent here.

7.     Even assuming that Defendants have met the substantial-issue test, the Application still fails because the costs of interlocutory appeal outweigh the benefits.

8.     Rule 42 supplies eight factors to consider when conducting this balancing analysis. Instead of framing their argument in terms of those factors, however, Defendants argue interlocutory review is warranted because:

- "This Court should grant review to decide whether the consideration of the claim as a derivative action in the name of the company by a competing party constitutes an infringement upon the rights of the Petitioners and the company."[15]

---

[13] *In re Carvana Co. S'holders Litig.*, 2022 WL 4661841, at *1 n.9 (Del. Ch. Oct. 3, 2022) (collecting cases).

[14] *Goldstein v. Denner*, 2024 WL 776033, at *14 (Del. Ch. Feb. 26, 2024) (collecting cases).

[15] Application at 9.

4

- "This Court should grant review to decide whether the Petitioners are entitled to the impartial consideration of their motion to compel for discovery by the Court in a timely manner, free from bias or prejudice."[16]

- "This Court should grant review to decide whether the Petitioners possess a right to the admission of critical evidence lawfully obtained and authenticated in conformity with Rule 901 of the Delaware Uniform Rules of Evidence."[17]

- "This Court should grant review to decide whether the denial of access to legal evidence or pre-trial information to the Petitioners potentially infringes upon their right against self-incrimination."[18]

9. First, Defendants appear to argue that the court erred by deeming the counts in the complaint derivative when, according to Defendants, they are direct claims.[19] But the court has not evaluated whether the claims are direct or derivative, and Defendants have not filed any motions challenging the complaint on that basis. Accordingly, this argument lacks merit and does not warrant interlocutory review.

10. Second, Defendants argue that the court erred by denying its motion to compel because "the Court misconstrued the counsel's acquiescence, thus prematurely concluding the discovery phase," which "has left [Defendants] devoid of access to essential evidence and discovery materials pivotal for their defense."[20] The court denied Defendants' discovery request for two reasons. First, the discovery

---

[16] *Id.* at 14.

[17] *Id.* at 16.

[18] *Id.* at 17.

[19] *Id.* at 2 (arguing that the court should "[r]eevaluate the plaintiff's claim in accordance with the stipulations outlined in Rule 23.1, which would indicate that the claim is not a derivative claim and therefore warrants immediate dismissal").

[20] *Id.* at 15.

deadline had long passed.[21] And second, through Defendants' prior counsel, the parties had agreed on a path to resolve the discovery request.[22] Defendants' disagreement on these points does not warrant interlocutory review.[23]

11. Third, Defendants appear to argue that the court has harmed them by prohibiting Defendants from introducing evidence showing that the deposition stenographer altered their deposition testimony. But the court did not prohibit Defendants from submitting evidence.[24] The court denied Defendants' motions for sanctions as it related to the deposition transcripts but allowed Defendants to submit errata sheets that "become part of the record and can be used in examination and cross-examination."[25] Accordingly, this argument lacks merit and does not warrant interlocutory review.

---

[21] *Kulak*, 2024 WL 2735436, at *3.

[22] *Id.*

[23] *Northrop Grumman Innovation Sys., Inc. v. Zurich Am. Ins. Co.*, 2021 WL 772312, at *5 (Del. Super. Mar. 1, 2021) ("That the [Applicants'] disagree with the Order or think it contradicted Delaware law is not ground on which to rest a certification of immediate appeal." (citations omitted)), *refusing appeal sub nom.*, 248 A.3d 922 (Del. 2021) (ORDER).

[24] To the extent that Defendants point to Mr. Itshak On's request at oral argument "to submit evidence on [Ms. Keren-Or On's] behalf," Mr. On is not admitted to practice law and cannot represent or offer evidence on Ms. On's behalf. Bench Ruling at 15:3–7 ("Itshak On: She is now in Greece. And she asked me to, if possible, to submit evidence on her behalf. The court: You can't do that on her behalf. She needs to do that."); *see Arot v. Lardani*, 2018 WL 5430297, at *2 n.17 (Del. Ch. Oct. 29, 2018) ("one layperson cannot represent another in the courts of this State" (citing *Snyder v. Martin*, 820 A.2d 390, 392–93 (Del. Fam. Ct. 2001))). But nothing prohibited Mr. On from offering the evidence at oral argument, and nothing prohibited Defendants from filing any evidence on the docket.

[25] Bench Ruling Tr. at 20:5–14.

12. Fourth, Defendants argue that interlocutory review is necessary because if the litigation is allowed to continue without review from the Supreme Court, Defendants risk self-incrimination and will continue to be deprived their due process rights.[26] It appears Defendants believe that their purportedly altered deposition transcripts either conflict or will conflict with other testimony they will offer such that they believe they will either incriminate themselves or perjure themselves.[27] But Defendants have not lost their opportunity to challenge the deposition transcripts. What they have lost is their motions for sanctions stemming from their belief that the third-party deposition vendor intentionally altered their deposition testimony on orders from the plaintiff's counsel. Accordingly, this argument lacks merit and does not warrant interlocutory review.

13. Independently evaluating and balancing the Rule 42(b) factors, the court finds the factors weigh against granting certification. Nothing advanced by Defendants suggests the type of exceptional circumstance warranting interlocutory review.[28]

---

[26] Application at 17–18.

[27] *Id.* at 17 ("Despite the Court's acknowledgment of the risks associated with self-perjury stemming from fabricated evidence by Plaintiff, the genuine concerns of the Petitioners regarding potential self-incrimination were cavalierly disregarded.").

[28] Supr. Ct. R. 42 (b)(ii); *see also Vick v. Khan*, 204 A.3d 1266, 2019 WL 856599, at *1 (Del. Feb. 21, 2019) (TABLE) (observing that applications for interlocutory review are granted only in "exceptional circumstances").

7

14. For the foregoing reasons, Defendants' Application for Certification of Interlocutory Appeal is denied.[29]

/s/ Kathaleen St. J. McCormick
Chancellor
Dated: June 26, 2024

---

[29] On June 17, 2024, Defendants emailed my administrative assistant with a reply email to the plaintiff's opposition brief. On May 30, 2024, I held a teleconference with the parties where I instructed the parties not to send my assistant emails with substantive arguments. Defendants failed to comply with that explicit instruction. Defendants' *pro se* status does not excuse that conduct. I have reviewed that email and find it to be both procedurally improper for failing to comply with Rule 42 and without merit.